Allen, J.
 

 Under the charter of the city of Zanesville, and subject to the civil service rules, can the safety director -of that municipality inquire into and render judgment on charges against a suspended employe of the fire department, after a period of five days has elapsed from the time he received notice of such charges, or does the fact that he has not inquired into and rendered judgment on the charges within the five-day period deprive him of jurisdiction thereafter to act in the case? This is the principal question here before us.
 

 The ¡Court of Appeals, in refusing the peremptory writ of mandamus, and in rendering judgment in favor of the defendants, held that Section 128 of the charter of the city of Zanesville, which provides that the director of public safety, upon certification of the suspension of any employe of the fire department, shall inquire into and render judgment upon the cause of such suspension within five days of the receipt of such certification, is, upon authority of the case of
 
 Schario
 
 v.
 
 State,
 
 105 Ohio St., 535, 138 N. E., 63, unreasonable, unconstitutional, and void, in that it is a legislative attempt unreasonably to limit and control the action of a
 
 quasi
 
 judicial officer, to-wit, the director of public safety, in the exercise of his judicial power and discretion.
 

 This court, however, is of the opinion that the
 
 Schario case
 
 does not apply to the present pro
 
 *251
 
 ceeding. The
 
 Schario case
 
 was a ease involving the following statute:
 

 “Sec. 6212-20. A petition in error shall not be filed in any court to reverse a conviction for a violation of this act [General Code, Sections 6212-13 to 6212-20], or to reverse a judgment affirming such conviction, except after leave granted by the reviewing court. Such leave shall not be granted except for good cause shown at a hearing of which counsel for the complainant in the original case shall have had actual and reasonable notice.
 
 Such petition in error must be filed within thirty days after the judgment complained of, and the case shall be heard by such reviewing court within not more than thirty court days after filing such petition in error.”
 

 The court held, in paragraphs 3 and 4 of the syllabus:
 

 “3. So much of such act (Section 6212-20, General Code) as reads
 
 ‘A
 
 petition in error * * * filed in any court to reverse a conviction for a violation of this act, or to reverse a judgment affirming such conviction * * * shall be heard by such reviewing court within not more than thirty court days after filing such petition in error’ is a clear invasion of the jurisdiction of the Court of Appeals and the Supreme Court, as fixed by the Constitution, and therefore, being in conflict with the Constitution, is null and void.
 

 “4. An act of the General Assembly attempting to peremptorily prescribe the time within which any court in the exercise of its judicial function shall hear or determine a matter properly within its jurisdiction is a legislative invasion of judicial
 
 *252
 
 power, and, as such, is unreasonable and unconstitutional, and therefore null and void.”
 

 The
 
 Schario case
 
 applies, in terms, to legislative restrictions upon judicial power, and not to such restrictions upon
 
 quasi
 
 judicial and administrative power. If the public safety director were a judicial officer, and if his hearing and judgment on the suspension in this case were a judicial hearing and judgment, the
 
 Schario case
 
 would apply.
 

 The defendant in error argmes and the Court of Appeals evidently held that because a hearing is to be had in this case, attended by witnesses, terminating in a so-called “judgment,” the
 
 Schario case
 
 controls, and that Section 128 of the Zanesville charter is therefore unconstitutional and void.
 

 Not every decision, however, made by a public officer after a hearing, is judicial in the legal sense. It may be judicial in the vernacular sense that an act involving an exercise of judgment is judicial. It is true that an act of judgment is always involved in a decision following upon a hearing. Moreover, if the public safety director holds this hearing, he will make a finding of. fact, and he will make what corresponds to a conclusion of law; that is, he will consider what the facts are and decide upon the facts what ought to be done. This circumstance, however, does not necessarily constitute the public safety director a judicial officer, exercising judicial power. This fact is demonstrated by a consideration of the function which he will perform officially, if permitted to act herein. The public safety director will hold this hearing, if permitted, as an incident to his main duty in the case, which is to decide whether the
 
 *253
 
 relator is to be suspended. If he upholds the chief of the fire department, the safety director’s act-will have suspended the relator. Now the act of removal or suspension is simply the converse of the act of employment or appointment. The act pf employment, however, is plainly administrative and not judicial. And yet the employment of an employe involves a finding upon facts and a conclusion as to what ought to be done.
 

 The removal or suspension of an employe, which is the converse of the employment, is done, likewise, in the exercise of administrative functions. The power of appointment is not judicial, and the power of taking away the appointment, that is, the power of suspension, or removal, is not judicial. The fact that a hearing is held by the public safety director in a case of this kind, that is, that there is a longer and more formal consideration of the facts than usual, does not change the real nature of the act. It is still administrative, even though in the hearing itself the safety director exercises
 
 quasi
 
 judicial functions.
 

 As the act of the public safety director in upholding or reversing the suspension would be administrative and not judicial, and as his functions in the hearing cannot be said to be more than
 
 quasi
 
 judicial, we hold that the
 
 8chaño
 
 decision does not apply.
 

 However, upon another ground, the court is of the opinion that the judgment of the Court of Appeals must be affirmed in this case, which is, that the five-day limitation imposed by the charter is not mandatory, but directory only. In discussing
 
 *254
 
 this proposition, consideration of the following section of the Zanesville charter is necessary:
 

 Sec. 128. “The chiefs of the divisions of police and fire shall have the exclusive right to suspend any of the officers or employes in their respective divisions, for incompetence, gross neglect of duty, gross immorality, habitual drunkenness, failure to obey orders given by the proper authority, or for any other just and reasonable cause. If any officer or employe be suspended, as herein provided, the chief of the division concerned shall forthwith in writing certify the fact, together with the cause for the suspension, to the director of public safety,
 
 who within five days from the receipt thereof, shall proceed to inquire into the ccmse of such suspension and render judgment thereon,
 
 which judg ment, if the charge be sustained, may be suspension, reduction in rank, or dismissal, and such judgment in the matter shall be final, except as otherwise hereinafter provided. The director of public safety, in any such investigation, shall have the same power to administer oaths and secure the attendance of witnesses, and the production of books and papers, as is conferred upon the council.”
 

 Plaintiff in error claims that the provision that the director of public safety, within five days of the receipt of the notice of suspension, shall proceed to inquire into the cause of such suspension and render judgment thereon is mandatory and jurisdictional. Upon the admitted record, the director of public safety set the hearing several days after the five-day period had expired. Is he, be
 
 *255
 
 cause of this fact, without jurisdiction in the matter?
 

 A mandatory provision in a statute is one the omission to follow which renders the proceeding to which it relates illegal and void; while a directory provision is one, the observance of which is not necessary to the validity of the proceeding.
 

 Whether a statute is mandatory or directory is to be ascertained from a consideration of the entire act, its nature, its object, and the consequences which would result from construing it one way or the other. 36 Cyc., 1157.
 

 Where the instructions of a statute are given merely with a view to the proper, orderly, and prompt conduct of business, the provisions may generally be regarded as directory.
 
 Hurford
 
 v.
 
 City of Omaha,
 
 4 Neb., 336-350.
 

 A statute specifying a time within which a public officer is to perform an official act regarding the rights and duties of others is directory merely, unless the nature of the act to be performed or the phraseology of the statute or of other statutes relating to the same subject-matter is such that the designation of time must be considered a limitation upon the power of the officer. 36 Cyc., 1160.
 

 The charter section in question does not state in terms that if the judgment is not rendered within five days the public safety director shall have no jurisdiction.
 

 Within the rules above given, then, what is there upon the face of this charter provision which makes the five-day period mandatory? The section does not read, “The public safety director
 
 *256
 

 must
 
 within five days from receipt of the said notice inquire into the suspension and render judgment thereon.” The section does say that the public safety director “shall” perform the acts specified within five days, and upon this fact relator bases his claim.
 

 It is established, however, that the one circumstance, that the word “shall” is employed, does not decide the matter. The word “may” may be construed as mandatory, and the word “shall” may be construed as merely permissive. 36 Cyc., 1160, states the rule as follows:
 

 “Construction of Particular Language.
 
 As a general rule the word ‘may,’ when used in a statute, is permissive only and operates to confer discretion, while the words ‘shall’ and ‘must’ are imperative, operating to impose a duty which may be enforced. These words, however, are constantly used in statutes without regard to their literal meaning; and in each case are to be given that effect which is necessary to carry out the intention of the Legislature as determined by the ordinary rules of construction. Thus the word ‘may’ should be construed to be mandatory whenever the public or individuals have a claim
 
 de jure
 
 that the power conferred should be exercised, or whenever something is directed to be done for the sake of justice or the public good; but never for the purpose of creating a right. So the word ‘shall’ is to be construed as merely permissive where no public benefit or private right requires it to be given an imperative meaning. Even ‘must’ has been construed as merely directory, where, from a construction of the entire statute and the object
 
 *257
 
 to be accomplished by it, such appears to have been the intention of the Legislature.”
 

 Eelator, however, quotes in this connection Section 10378, General Code, which reads:
 

 “Upon a verdict the justice must immediately render judgment accordingly. When the trial is by the justice, judgment must be entered immediately after the close of the trial, if the defendant has been arrested or his property attached. In other cases, it shall be entered either at the dose of the trial, or if the justice then desires further time to consider, on or by the fourth day thereafter, both days inclusive.”
 

 Under this section of the General Code relator argues that the jurisdiction of the justice to render judgment lasts only for four days after the verdict, and that after that time has expired he is without power to render judgment. He urges that this section and the authorities under it favor his contention that the public safety director in this case has no jurisdiction after the five-day period has expired. Under the weight of authority this four-day provision is mandatory.
 
 Tussing
 
 v.
 
 Evans, 7
 
 Ohio Cir. Ct. R. (N. S.), 237, affirmed without opinion
 
 (Evans
 
 v.
 
 Tussing,
 
 76 Ohio St., 618, 81 N. E., 1185). However, the wording of Section 10378, General Code, differs materially from that of the section in the Zanesville charter. It reads, “Upon a verdict the justice
 
 must
 
 immediately render judgment.
 
 *
 
 * *” The word “must” again is used in the next sentence, “When the trial is by the justice, judgment
 
 must
 
 be entered immediately after the close of the trial. * * *”
 

 The fact that the Legislature used the word
 
 *258
 
 “must” twice in Section 10378, General Code, necessarily gives the section a more mandatory character than that of section 128 of the Zanesville charter. The section therefore cannot be said to establish the rule contended for by the relator.
 

 In this case the Court of Appeals, without demurrer being filed to any pleading, considered the case as though a motion had been filed for judgment upon the pleadings, and rendered judgment accordingly. Regarding the question here as if motion had been filed for judgment on the pleadings, and motion for judgment on the pleadings being in the nature of demurrer, for the purposes of this decision we shall take the allegations of the answers filed as true.
 

 As shown by the answers filed, this is not a case where the public safety director is refusing to hold a hearing. If that were the fact, an action in mandamus would lie to force him to hear the case. He had set a hearing for a day shortly after the five-day period had expired, the very day upon-which this action in mandamus was instituted.
 

 It is the general rule that in cases of this kind provisions as to time limitation, imposed merely with a view to the prompt and orderly conduct of business, are directory and not mandatory.
 
 Spencer's Appeal,
 
 78 Conn., 301, 61 Atl., 1010. The first paragraph of the syllabus of that case reads:
 

 “The provision of General Statutes, Section 3718, which requires that the decision of the railroad commissioners upon any matter relating to the removal of grade crossings shall be communicated to. the parties within twenty days after the final hearing, is directory only, not mandatory,
 
 *259
 
 and therefore a failure by the railroad commissioners to give such notice does not render their decision void.”
 

 See, also,
 
 Dishon
 
 v.
 
 Smith, County Judge,
 
 10 Iowa, 212;
 
 Pond
 
 v.
 
 Negus,
 
 3 Mass., 230, 3 Am. Dec., 131;
 
 State, ex rel.,
 
 v.
 
 Siemens,
 
 68 Or., 1, 133 Pac., 1173.
 

 Does the five-day limitation of Section 128 of the charter, then, constitute the essence of the provision and limit the jurisdiction of the public safety director or is it a limitation merely with a view to the prompt and orderly conduct of business? To decide this question we must consider the “nature and object of the provision and the consequences which would result from construing it as directory or mandatory.” t
 

 What, after all, is the object of the hearing which is to be held by the public safety director? It is that the employe dismissed or suspended shall have a fair opportunity to present his own view of his actions and to prevent unjust and hasty removal of employes in the public service.
 

 This object might be nullified by holding the five-day limitation to be mandatory. A hearing of this kind might occupy considerably over five days. The employe himself might demand ■ and need a continuance. The director of public safety, acting in entire, good faith, might not be able to render a judgment within five days. In fact, the answer of Barneil shows that the director of public safety was unable,, within the five-day limit, to secure attendance of the witnesses who were compelled to come from another county. Since the occurrence complained of took place in Franklin
 
 *260
 
 county, and the hearing was to be held in Muskingum county, it is possible that the relator himself would have been unable to obtain his own witnesses within the five-day period.
 

 Moreover, the director of public safety might ■begin a hearing within the five-day period, and, when half way through, circumstances might prevent a determination before the expiration of the five days. To say that the public safety director would have no jurisdiction in such a case would render the provision for hearing useless.
 

 The court holds, therefore, that this five-day limitation is directory and not. mandatory, that the public safety director had jurisdiction to hear the question of suspension after the five-day period had elapsed.
 

 Relator also claims that the charter and civil service regulations were not complied with in the matter of notifying relator of the accusations against him, and that the charges were not served upon him within sufficient time prior to the date of hearing to afford reasonable opportunity to defend. The charges were left at relator’s residence. We find nothing in the regulations nor charter, requiring personal service of such charges, and therefore hold this claim untenable. The record also shows that the relator was given more than a full period of five days to prepare for the hearing, and therefore this objection must be overruled.
 

 Finally, relator claims that the charges are insufficient to justify suspension or discharge. The charter provides specific grounds for removal, viz:
 

 
 *261
 
 “for incompetence, gross neglect of duty, gross immorality, habitual drunkenness, failure to obey orders given by the proper authority or for ahv other just and reasonable cause.”
 

 The charge filed in this case was as follows:
 

 “I hereby prefer charges of drunkenness and of operating his automobile while under the influence of intoxicating liquor against Jud Smith, who was stationed in the Monroe street fire station in Zanesville, Ohio. The same Jud Smith was granted a leave of absence of two days by the chief, that he might do some work of importance, but instead of doing any work he drove his machine to Newark, Ohio, and from there to Columbus, and, while driving his machine on the streets of Columbus in an intoxicated condition, collided with another machine, and greatly endangered the lives of the innocent public in driving an automobile while in an intoxicated condition. He was arrested by a deputy sheriff of Columbus and lodged in the city prison; later he was released on bond for his appearance; he did not appear for trial and his bond was forfeited, which goes to show that he was guilty as charged. I furthermore charge the same Jud Smith with immoral conduct.”
 

 Relator’s argument upon this point is that, where the charter provides specific grounds for removal, as for example, habitual drunkenness, such provision is an exclusion of other causes of like character, and that removal cannot be had for a single act of drunkenness.
 

 However, a reading of the above charges shows that they are not confined to setting up a single act of drunkenness. They also include charges of
 
 *262
 
 an arrest, a failure to appear in court, and other specifications which can at least be characterized as describing conduct unbecoming an officer.
 

 The charges, therefore, are properly laid under that phrase of the charter provision which provides for removal “for any other just and reasonable cause.”
 

 For the reasons above given, the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Robinson, Jones, Matthias and Fay, JJ., concur.
 

 Wanamaker, J., concurs in the judgment.
 

 Marshall, C. J., took no part in the consider ation or decision of the case.