COBB, APPELLANT, *v.* COBB, APPELLEE.

(No. 4899—Decided August 12, 1959.)

*Mr. James M. Hinton,* for appellant.
*Mr. Bernard J. Roetzel,* for appellee.

Doyle, P. J.   We have for consideration, on questions of law, an appeal from a judgment of the Court of Common Pleas, Division of Domestic Relations, of Summit County, which vacated and set aside a judgment, after term.   The vacated judgment was rendered pursuant to a hearing on a petition praying for such judgment, and an answer and reply filed thereto, which formed the issues.

The action originally filed in the court was by a wife who sought a divorce from her husband, and the "care, custody and control" of their minor children, coupled with "alimony for the support of the plaintiff and their three minor children," and "a fair and equitable division of their real and personal property as alimony."

The court, upon the issues joined in this proceeding, granted the wife a divorce, ordered payments for support, and made various orders respecting the division of property.   This is the judgment vacated after term, to which reference is made above, and the vacation of which forms the basis of this appeal.

There are a number of errors claimed to be prejudicial by the appellant-wife, who here seeks to have the vacation of the judgment overruled by this court.   One of the grounds, to which we now direct attention, is as follows:

"2. The finding and judgment of the Common Pleas Court that the investigation required by R. C. 3105.08 [Section 3105.08, Revised Code] is jurisdictional is contrary to law."

It appears from the record that the court heard the case for divorce, custody and alimony, and entered its judgment, in disobedience of this statute.

Section 3105.08, Revised Code, is in the following words and phrases:

"On the filing of a petition for divorce or for alimony, the Court of Common Pleas may, and in cases in which there are children under fourteen years of age involved shall, cause an investigation to be made as to the character, family relations, past conduct, earning ability, and financial worth of the parties to the action. The report of such investigation shall be made available to either party or his counsel of record upon written request not less than five days before trial.

"The court, on its own motion, may cite either party to the action from any point in the state to appear in court and testify as a witness."

It appears that the Legislature, by the enactment of this statute, provided for the representation of the public interest, in an action of the kind now before us, through the appointment of an investigator, whose report must be made available to either party, and of course to the court, which is free to collect evidence on its own, after viewing the report, on the theory that a divorce action involving support and alimony is more than a controversy between private parties, but is of vital interest to the state and the welfare of the community.

If the statute is mandatory in requiring an investigation to be made "on the filing of a petition for divorce or for alimony," when "there are children under fourteen years of age involved," then the judgment, entered in the divorce, support and alimony action, is illegal and void, because there were children under fourteen years of age involved.

A mandatory provision of a statute which is not followed by a court in a case involving the subject matter of the statute, renders the proceedings to which it relates illegal and void. *State, ex rel. Smith,* v. *Barnell, Director,* 109 Ohio St., 246, at 255, 142 N. E., 611; *Schmidt* v. *Weather-Seal, Inc.,* 71 Ohio App., 387, at 389, 50 N. E. (2d), 362.

It appears obvious from the statute that the Legislature meant to distinguish in meaning the words "may" and "shall." Each of the words is used in the same sentence, and the word "may" relates to actions in which there are no children under fourteen years of age involved; and the word "shall" relates to actions involving children under fourteen years of age.

We interpret the word "shall," an auxiliary verb qualifying the meaning of the verb "cause," as imperative, or mandatory, and distinguish it in meaning from the auxiliary verb "may," which qualifies the same verb "cause." The word "may," as distinguished from "shall," we determine to have its ordinary and permissive force.

While the case law in this state seems to be that, a proceeding to vacate a judgment after term does not fall within the purview of Section 2325.01, Revised Code, unless the judgment is "merely voidable" (*Lincoln Tavern, Inc.,* v. *Snader,* 165 Ohio St., 61), nevertheless, in a case in which the proceedings and judgment are illegal and void, due to the failure of the court to adhere to a mandatory provision of the statute regulating such proceedings, a court which possesses the jurisdiction of the court whose judgment is here under review has the power, after term, upon proper and adequate prayer and proof, to vacate its illegal and void judgment. The statute (Section 2325.01, Revised Code) is not exclusive, but is cumulative of other grounds recognized in law. See: 32 Ohio Jurisprudence (2d), 252, Judgments, Section 559, and cases cited.

We find no error of a prejudicial character, as charged, reaching into the judgment of the court in vacating after term its former judgment; and, as a result thereof, the judgment will be affirmed.

*Judgment affirmed.*

STEVENS and HUNSICKER, JJ., concur.