[This decision has been published in *Ohio Official Reports* at 79 Ohio St.3d 477.]

THE STATE EX REL. LARKINS, APPELLANT, *v.* WILKINSON, DIR., APPELLEE.

[Cite as *State ex rel. Larkins v. Wilkinson*, 1997-Ohio-139.]

*Mandamus to vacate Mansfield Correctional Institution Rules Infraction Board proceedings and expunge all reference to the matter from relator's record—Writ denied, when.*

(No. 96-2694—Submitted June 25, 1997—Decided September 24, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 96APD07-833.

_____

{¶ 1} In August 1993, a prison official charged appellant, Ronald Larkins, an inmate at Mansfield Correctional Institution, with "dealing," an institutional rule violation. See Ohio Adm.Code 5120-9-06(E)(9). Larkins had allegedly conspired with another inmate to obtain airline tickets through the use of stolen or unauthorized credit card information. The prison's Rules Infraction Board found Larkins guilty of the charged violation, imposed a penalty of fifteen days' placement in disciplinary control, and recommended further placement in administrative control. After Larkins appealed the board's decision to the warden, the warden's designee affirmed the decision.

{¶ 2} On September 9, 1993, Larkins submitted a timely appeal of the warden's decision to appellee, Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Correction. More than thirty days later, on November 10, 1993, Wilkinson rendered a decision denying the appeal.

{¶ 3} In 1996, Larkins filed a complaint in the Court of Appeals for Franklin County requesting a writ of mandamus to vacate the Rules Infraction Board proceedings and expunge all references to the matter from his record. Wilkinson filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, which contained attached materials from other cases instituted

by Larkins. The court of appeals converted the motion to a motion for summary judgment, and Larkins filed a response. The court of appeals subsequently granted Wilkinson's motion and denied the writ.

{¶ 4} The cause is now before this court upon an appeal as of right.

_____

*Ronald Larkins, pro se.*

*Betty D. Montgomery*, Attorney General, and *J. Eric Holloway*, Assistant Attorney General, for appellee.

_____

**Per Curiam.**

{¶ 5} Larkins asserts that the court of appeals erred in granting Wilkinson's summary judgment motion and denying the writ. Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *State ex rel. Duganitz v. Ohio Adult Parole Auth.* (1996), 77 Ohio St.3d 190, 191, 672 N.E.2d 654, 656.

{¶ 6} In his first proposition of law, Larkins contends that Wilkinson's failure to follow Ohio Adm.Code 5120-9-09(M) rendered the Rules Infraction Board proceedings void and denied him due process of law. Ohio Adm.Code 5120-9-09, prescribing the procedure for Class II institutional rule violations, provides:

{¶ 7} "(M) * * * The inmate shall file his appeal to the director within fifteen days after the managing officer or his designee has rendered his decision. *The director or his designee will act upon the appeal in writing within thirty days.* The decision of the director or his designee shall be final and shall be a bar to further appeal." (Emphasis added.)

**{¶ 8}** Larkins first claims that Wilkinson's failure to act upon his appeal until after the expiration of the thirty-day period in Ohio Adm.Code 5120-9-09 deprived him of his constitutional right to due process of law. Larkins's claim is meritless for the following reasons.

**{¶ 9}** First, Larkins conceded in the court of appeals that he suffered no due process violation and that Ohio Adm.Code 5120-9-09(M) conferred no liberty interest. Second, Larkins did not allege that the challenged action affected his sentence or imposed an atypical and significant hardship on him. Absent evidence that the challenged institutional action would affect the inmate's duration of confinement, an inmate has no liberty interest in being free of disciplinary or administrative segregation because such segregation does not impose an atypical and significant hardship on the inmate. *Samuels v. Mockry* (C.A.2, 1996), 77 F.3d 34, 37; *Lane v. Russell* (1996), 109 Ohio App.3d 470, 473, 672 N.E.2d 684, 686. Third, state regulatory schemes do not create a constitutionally protected liberty interest merely because regulations incorporate seemingly mandatory language. *Sandin v. Conner* (1995), 515 U.S. 472, 479-482, 115 S.Ct. 2293, 2298-2299, 132 L.Ed.2d 418, 427-428; *Rimmer-Bey v. Brown* (C.A.6, 1995), 62 F.3d 789, 790-791. Finally, parole candidates have no due process right to have errors expunged from records used by the Adult Parole Authority in its parole determination. *State ex rel. Fain v. Summit Cty. Adult Probation Dept.* (1995), 71 Ohio St.3d 658, 659, 646 N.E.2d 1113, 1115.

**{¶ 10}** Larkins next asserts that Wilkinson's failure to follow Ohio Adm.Code 5120-9-09(M) rendered the Rules Infraction Board proceedings illegal and void. Larkins cites *Cobb v. Cobb* (1959), 112 Ohio App. 19, 15 O.O.2d 343, 174 N.E.2d 290, in support of this contention. But *Cobb* relied on our decision in *State ex rel. Smith v. Barnell* (1924), 109 Ohio St. 246, 142 N.E. 611. In *Smith*, 109 Ohio St. at 258, 142 N.E. at 614, we noted that seemingly mandatory time limitations "imposed merely with a view to the prompt and orderly conduct of

business, are directory and not mandatory." Based on *Smith*, 109 Ohio St. at 259-260, 142 N.E. at 614-615, the thirty-day period specified in Ohio Adm.Code 5120-9-09(M) is not tantamount to a *jurisdictional* requirement because a full consideration of an appeal might take more than thirty days. Prison regulations like Ohio Adm.Code 5120-9-09(M) are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates. *Sandin*, 515 U.S. at 481-482, 115 S.Ct. at 2299, 132 L.Ed.2d at 428.

{¶ 11} As the court of appeals noted, Ohio Adm.Code 5120-9-09(M) does not mandate any particular result if the director's decision is untimely. In addition, Larkins asserts no prejudice as a result of the director's untimely ruling. He does not claim that a timely decision would have been favorable to him. The director's decision was final and not subject to further appeal. Ohio Adm.Code 5120-9-09(M). Larkins's first proposition is thus meritless.[1]

{¶ 12} Based on the foregoing, the court of appeals properly entered summary judgment in favor of Wilkinson and denied the writ. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

1. This conclusion moots Larkins's second proposition of law, which challenged the court of appeals' alternate basis for denying the writ.