JOURNAL ENTRY AND OPINION
Defendant Kevin Corrigan, Sr. appeals from his guilty plea to three counts of attempted rape. For the reasons set forth below, we affirm in part, reverse in part and remand for further proceedings.
On June 3, 1998, defendant was indicted for seven counts of rape, all with aggravated felony specifications, in connection with alleged attacks on his son from 1984 through 1991. Defendant plead not guilty. Thereafter, defendant entered into a plea agreement with the state pursuant to which three of the counts were amended to attempted rape and to change the date of the offense and to delete the aggravated felony specification. Defendant pleaded guilty to the amended charges and the remaining charges were dismissed. On February 8, 1999, defendant was sentenced to consecutive terms of eight years imprisonment on each count. Approximately one month later, the trial court determined, after a hearing, that defendant is a sexual predator. Defendant now appeals and assigns four errors for our review.
Defendant's first assignment of error states:
 THE TRIAL COURT ERRED BY ABUSING ITS DISCRETION IN DENYING APPELLANT, KEVIN CORRIGAN, SR.'S MOTION TO WITHDRAW HIS GUILTY PLEAS BECAUSE WITHDRAWAL OF HIS GUILTY PLEAS WERE NECESSARY TO CORRECT A MANIFEST INJUSTICE.
Defendant maintains that the trial court erred in refusing to permit him to withdraw his guilty plea.
Crim.R. 32.1 provides, in pertinent part, as follows:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
As this court explained in State v. Peterseim (1980), 68 Ohio App.2d 211,213,
 `Before sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe.' (Citations omitted).
Permitting a defendant to withdraw his guilty plea only upon a showing of manifest injustice helps to reduce "the possibility of a defendant pleading guilty to test the weight of potential punishment." State v. Smith (1977), 49 Ohio St.2d 261, 264.
A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court and will not be overturned on appeal absent an abuse of that discretion. Id.; paragraph two of the syllabus; State v. Stumpf (1987), 32 Ohio St.3d 95, 104. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
In this instance, we find no abuse of discretion. As an initial matter, we note that defendant raised this issue orally at the sexual predator hearing. At this time, defendant indicated that his trial counsel told him that the offense was probationable and led him to believe that he would "receive a sentence of a little bit of time if not probation." The record indicates, however, that the trial court informed defendant prior to accepting his guilty plea that the offenses "are technically probationable," but that there was an inference in favor of incarceration. In addition, defendant stated, prior to entering his guilty plea that no promises had been made to him.
Moreover, at the time of sentencing, a comprehensive record of defendant's previous arrests and convictions was presented and on the basis of this information it was neither rational nor legitimate for defendant to expect probation or a brief sentence. In short, no manifest injustice was demonstrated and the trial court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea.
This assignment of error is without merit.
Defendant's second assignment of error states:
 THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM PRISON TERM FOR APPELLANT, KEVIN CORRIGAN, SR.'S THREE CONVICTIONS FOR ATTEMPTED RAPE BECAUSE THE RECORD DOES NOT SUPPORT THE SENTENCES AND THE SENTENCES ARE CONTRARY TO LAW.
Within this assignment of error, defendant asserts that the trial court erred in imposing maximum terms of incarceration in this instance. We reject this claim.
In State v. Edmonson (1999), 86 Ohio St.3d 324, the Supreme Court determined that in order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the criteria listed in R.C. 2929.14.
R.C. 2929.14 provides in relevant part as follows:
 (B) Except as provided in division (C), (D) (2), (D) (3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925 of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 (C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
In this instance, the trial court noted that it had read defendant's extensive criminal history. The court, stated that this was the worst form of attempted rape because the victim was defendant's own son. The court stated that defendant had betrayed his duty as a father to protect and care for his child. The court also noted that from the evidence presented, it was essential to protect other youngsters from defendant. Finally, the court observed that defendant had perpetuated his crimes by creating an atmosphere of fear and that he had caused great emotional turmoil.
In accordance with all of the foregoing, we are unable to conclude that the trial court erred in imposing maximum terms of incarceration. This assignment of error is without merit.
Defendant's third assignment of error states:
 THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE PRISON TERMS FOR APPELLANT, KEVIN CORRIGAN, SR.'S THREE CONVICTIONS FOR ATTEMPTED RAPE BECAUSE THE RECORD DOES NOT SUPPORT THE SENTENCES AND THE SENTENCES ARE CONTRARY TO LAW.
Within this assignment of error, defendant asserts that the trial court erred in imposing consecutive terms of imprisonment in this instance.
Pursuant to R.C. 2929.19(B)(2)(c), if the trial court imposes consecutive sentences, it must make a finding on the record giving the reasons for imposing consecutive sentences. See State v.Stroud (Oct. 28, 1999), Cuyahoga App. No. 74756, unreported.
Pursuant to R.C. 2929.14(E), the trial court may impose consecutive prison terms for convictions of multiple offenses upon the making of the following findings enumerated in the statute:
 (E)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 (5) When consecutive prison terms are imposed pursuant to division (E)(1), (2), (3), or (4) of this section, the term to be served is the aggregate of all of the terms so imposed.
In this instance, the trial court stated that consecutive sentences are necessary to protect the public from future crime. The court did not indicate, however, whether consecutive sentences are necessary to punish the defendant and did not indicate whether consecutive sentences are disproportionate to the seriousness of the defendant's conduct and to the danger posed by the defendant to the public. The trial court discussed the harm caused by offenses but did not indicate whether it was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the defendant's conduct. R.C. 2929.14(E)(3)(b) The record therefore reflects that the trial court did not comply with the statutory requirements of R.C. 2929.14(E). See State v.Albert (1997), 124 Ohio App.3d 225, 230.
Accordingly, while the convictions are affirmed, the consecutive terms are hereby reversed, and the matter is remanded in order for the trial court to determine whether consecutive terms may be imposed in accordance with law and this Opinion.
Defendant's fourth assignment of error states:
 THE TRIAL COURT ERRED BY FINDING APPELLANT, KEVIN CORRIGAN, SR. TO BE A SEXUAL PREDATOR PURSUANT TO R.C. 2950.09
BECAUSE THE SEXUAL PREDATOR HEARING WAS NOT HELD PRIOR TO OR DURING SENTENCING.
Defendant next maintains that the trial court erred in holding the sexual predator hearing in this matter after defendant had already been sentenced.
Defendant correctly observes that R.C. 2950.09(B)(1) provides:
 "The judge shall conduct the [sexual predator] hearing prior to sentencing and, if the sexually oriented offense is a felony, may conduct it as part of the sentencing hearing * * *."
In State v. Bellman (1999), 86 Ohio St.3d 208, 210-211, the Supreme Court determined that this language is not jurisdictional and could be waived. The Court stated:
 The language of R.C. 2950.09(B)(1) "does not establish that its time periods are for anything other than convenience and orderly procedure," see State ex rel. Harrell v. Streetsboro Bd. of Edn. (1989), 46 Ohio St.3d 55, 63, 544 N.E.2d 924, 932, and it "does not include any expression of intent to restrict the jurisdiction of the court for untimeliness." See In re Davis (1999), 84 Ohio St.3d 520, 522, 705 N.E.2d 1219, 1222; see, also, State ex rel. Smith v. Barnell (1924), 109 Ohio St. 246, 255, 142 N.E. 611, 613. The provision, then, is not jurisdictional, and a defendant may waive the requirement in R.C. 2950.09(B)(1) that the sexual predator hearing precede sentencing.
In accordance with the foregoing, we cannot conclude that the trial court committed reversible error in connection with its scheduling of the sexual predator hearing in this matter.
This assignment of error is therefore without merit.
Affirmed, but remanded for resentencing on the issue of whether consecutive sentences may be imposed.
It is ordered that appellee and appellant share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL, J., AND KARPINSKI, J., CONCUR.
 ______________________________ ANN DYKE, ADMINISTRATIVE JUDGE