JOURNAL ENTRY and OPINION
{¶ 1} Brad T. Admire appeals from a decision of the common pleas court to classify him as a sexual predator. On appeal, Admire contends that the trial court violated R.C. 2950.09(B)(1) when it conducted the sexual predator hearing after he had been sentenced; he further claims that, at that hearing, the state failed to present clear and convincing evidence he is likely to engage in the future in one or more sexually oriented offenses; and he argues that the trial court erred by failing to consider any of the relevant factors in R.C. 2950.09(B)(2) before classifying him as a sexual predator.
{¶ 2} After reviewing the record, we have concluded that Admire waived the statutory precept that his sexual predator hearing be conducted before or during sentencing, that the state presented clear and convincing evidence of his classification as a sexual predator, and that the court properly considered the statutory factors in making its determination. According, we affirm the judgment of the trial court.
{¶ 3} The record before us reveals that, in Case No. 401254, a grand jury indicted Admire on four counts of corruption of a minor and two counts of rape involving two female victims, ages 12 and 13. Thereafter, in Case No. 402340, a grand jury indicted him on five counts of kidnapping with sexual motivation specifications, seven counts of rape, two counts of attempted rape, seven counts of gross sexual imposition, one count of aggravated burglary, and one count of corruption of a minor in connection with five other female victims, ages 13 to 15.
{¶ 4} These cases were resolved below by way of a plea agreement. In Case No. 401254, the state amended Count 5 from rape to sexual battery, and Admire pled guilty to that charge and one count of corruption of a minor; in exchange, the state nolled the remaining charges in that case. In Case No. 402340, the state amended Counts 2 and 7 from rape to corruption of a minor and further amended Count 12 from rape to sexual battery, and Admire pled guilty to three counts of corruption of a minor, one count of sexual battery, and one count of gross sexual imposition; in exchange, the state nolled the remaining charges in that case. After accepting Admire's pleas, the court imposed an agreed-upon aggregate six-year sentence and journalized sentence on June 13, 2001.
{¶ 5} The transcript of the June 1, 2001 hearing is not part of the record on appeal; however, the transcript from the subsequent sexual predator hearing indicates that, after sentencing Admire, the court had continued the sexual predator portion of the proceedings in order to obtain a psychiatric evaluation of Admire. Thereafter, on August 7, 2001, the court conducted that sexual predator hearing and classified Admire as a sexual predator.
{¶ 6} He now appeals and raises three assignments of error for our review. The first states:
 {¶ 7} THE TRIAL COURT VIOLATED R.C. 2950.09(B)(1) WHEN IT CONDUCTED A SEXUAL PREDATOR HEARING AFTER IMPOSING A PRISON TERM AT A SENTENCING HEARING PURSUANT TO R.C. 2929.14 AND 2929.19 ON A PREVIOUS DATE.
{¶ 8} Admire claims that the court committed reversible error by conducting his sexual predator hearing following the imposition of sentence. The state maintains that the sexual predator hearing constituted a continuation of the sentencing hearing.
{¶ 9} Admire bases this assignment of error on R.C. 2950.09(B)(1), which states in pertinent part:
 {¶ 10} * * * The judge shall conduct the hearing prior to sentencing and, if the sexually oriented offense is a felony, may conduct it as part of the sentencing hearing required by section 2929.19 of the Revised Code. * * *
{¶ 11} In State v. Bellman (1999), 86 Ohio St.3d 208, 210-211,714 N.E.2d 381, however, the court stated:
 {¶ 12} * * * the language of R.C. 2950.09(B)(1) "does not establish that its time periods are for anything other than convenience and orderly procedure," see State ex rel. Harrell v. Streetsboro Bd. of Edn. (1989), 46 Ohio St.3d 55, 63, 544 N.E.2d 924, 932, and it "does not include any expression of intent to restrict the jurisdiction of the court for untimeliness." See In re Davis (1999), 84 Ohio St.3d 520, 522, 705 N.E.2d 1219, 1222; see, also, State ex rel. Smith v. Barnell (1924), 109 Ohio St. 246, 255, 142 N.E. 611, 613. The provision, then, is not jurisdictional, and a defendant may waive the requirement in R.C. 2950.09(B)(1) that the sexual predator hearing precede sentencing.
{¶ 13} Here, Admire failed to make the transcript of the June 1, 2001 hearing available for our review, and he is therefore unable to demonstrate that he objected to this procedural anomaly or to dissuade us from the view that he did not waive this statutory provision. "Pursuant to App.R. 9(B), appellant has the burden to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the appellate court." Maple Hts. v. Brown (July 27, 2000), Cuyahoga App. No. 76731, citing Rose Chevrolet v. Adams
(1988), 36 Ohio St.3d 17, 19, 520 N.E.2d 564.
{¶ 14} Further, Admire does not allege on appeal that he objected to the court's conduct of the sexual predator hearing after sentencing; rather, the available transcript indicates that defense counsel requested an independent psychiatric evaluation and therefore, at the very least, implicitly requested and therefore consented to the continuance of the sexual predator hearing.
{¶ 15} Based on the facts presented in this case, Admire has waived the R.C. 2950.09(B)(1) requirement that the sexual predator hearing be conducted prior to or during sentencing. Accordingly, we reject this assignment of error.
 {¶ 16} II. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
 {¶ 17} III. AS HELD BY THE SUPREME COURT IN STATE V. THOMPSON AND AS DISCUSSED BY THE TENTH DISTRICT COURT OF APPEALS IN STATE V. BURKE, THE TRIAL COURT ERRED IN DETERMINING THAT THE APPELLANT WAS A SEXUAL PREDATOR WITHOUT CONSIDERING ANY OF THE RELEVANT FACTORS CODIFIED AT R.C. 2950.09(B)(2).
{¶ 18} Here, Admire claims that the state failed to present clear and convincing evidence that he "is likely to engage in the future in one or more sexually oriented offenses," in accordance with R.C. 2950.09(B)(3). In particular, he argues that the state failed to present any evidence he is likely to re-offend, urging that the prosecutor's statements about his subject crimes did not constitute evidence and relying on the psychiatric evaluation which placed his risk of re-offending within the next 15 years at less than 20%. Finally, he urges that the court abused its discretion in failing to consider any of the statutory factors listed in R.C.2950.09(B)(2).
{¶ 19} In State v. Eppinger (2001), 91 Ohio St.3d 157, 158,743 N.E.2d 881, the court adopted the following model procedure for sexual offender classification hearings:
 {¶ 20} In a model sexual offender classification hearing, there are essentially three objectives. First, it is critical that a record be created for review. Therefore, the prosecutor and defense counsel should identify on the record those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses. If the conviction is old, as in this case, the state may need to introduce a portion of the actual trial record; if the case was recently tried, the same trial court may not need to actually review the record. In either case, a clear and accurate record of what evidence or testimony was considered should be preserved, including any exhibits, for purposes of any potential appeal.
 {¶ 21} Second, an expert may be required, as discussed above, to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses. Therefore, either side should be allowed to present expert opinion by testimony or written report to assist the trial court in its determination, especially when there is little information available beyond the conviction itself. While providing an expert at state expense is within the discretion of the trial court, the lack of other criteria to assist in predicting the future behavior of the offender weighs heavily in favor of granting such a request.
 {¶ 22} Finally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. See State v. Thompson, supra. See, also, State v. Russell, 1999 Ohio App. LEXIS 1579 (Apr. 8, 1999), Cuyahoga App. No. 73237, unreported, 1999 WL 195657; State v. Casper, 1999 Ohio App. LEXIS 2617 (June 10, 1999), Cuyahoga App. Nos. 73061, 73064, 73062 and 73063, unreported, 1999 WL 380437.
{¶ 23} In the instant case, the court conducted the sexual predator hearing in conformity with Eppinger, and the state presented clear and convincing evidence to support the court's determination. At the hearing, the prosecutor and defense counsel identified those portions of the record probative to Admire's risk of recidivism.
{¶ 24} The court also considered the results of an evaluation of Admire by Dr. Aronoff of the Court Psychiatric Clinic. Although Dr. Aronoff estimated Admire's risk of re-offending within the next 15 years at less than 20%, his report is not conclusive evidence; rather, the role of a psychiatric evaluation is merely to assist the court, and it must be weighed with all other evidence. See Eppinger, supra.
{¶ 25} Further, notwithstanding Dr. Aronoff's conclusion placing Admire in a "medium-low" risk category, other objective portions of the report indicate otherwise. For example, based on the results of an ABEL Assessment, Dr. Aronoff opined that, "* * * Mr. Admire manifests significant sexual interest in the following: Adolescent females, adult females, and young females ages 8 to 10." Obviously, Admire's significant sexual interest in adolescent females and eight — to 10-year-old females constitutes significant evidence that he is likely to engage in future sexually-oriented offenses. In addition, Dr. Aronoff listed the following risk factors which correlate with Admire's risk of re-offending: (1) his sexual preference for children; (2) his age; (3) the fact that he has never been married; (4) the fact that none of his seven victims was related to him; and (5) that he has a prior conviction for receiving stolen property.
{¶ 26} Finally, notwithstanding Admire's argument to the contrary, the record demonstrates that the trial court considered the statutory factors listed in R.C. 2950.09(B)(2) and discussed the particular evidence and factors upon which it relied in making its determination regarding Admire's likelihood of recidivism.
{¶ 27} Here, the record of the sexual predator hearing is replete with references to the R.C. 2950.09(B)(2) factors by the defense, the state, and the court, including: (a) Admire's age; (b) his prior conviction for receiving stolen property; (c) the age range of the victims, all 12 — to 15-year-old girls; (d) the fact that his sexually-oriented offenses involved multiple victims; (g) his low IQ of 65; and (j) additional behavioral characteristics, including his illiteracy, his assessment that showed a significant sexual interest in adolescent females eight to 10 years old, and his denial of culpability.
{¶ 28} The court summarized its finding as follows:
 {¶ 29} The best predictor of future behavior is past behavior, and in this man's short history, he committed quite a few sexual offenses, and they were all female juvenile girls.
{¶ 30} * * *
 {¶ 31} The fact that he has shown sexual preference for children and acted on that preference and victimized a number of individuals and has the requisite intelligence to put them in a position where he can compromise them in such a fashion, and the fact of the age of the victims, the age of the defendant, the fact that they're unrelated, and all of these other factors that are noted in the record, including his history of incorrigibility as a juvenile, the Court finds by clear and convincing evidence that the defendant is a sexual predator. * * *
{¶ 32} In State v. Thompson (2001), 92 Ohio St.3d 584,752 N.E.2d 276, the court stated in its syllabus:
 {¶ 33} 1. A judge must consider the guidelines set out in R.C. 2950.09(B)(2), but the judge has discretion to determine what weight, if any, he or she will assign to each guideline. Pursuant to R.C. 2950.09(B)(2), a judge may also consider any other evidence that he or she deems relevant to determining the likelihood of recidivism.
{¶ 34} Based on the foregoing, we have concluded that the trial court's decision to classify Admire as a sexual predator is supported by clear and convincing evidence and that the court properly exercised its discretion in considering and weighing the statutory factors contained in R.C. 2950.09(B)(2) before reaching its decision in this case. Accordingly, we overrule these assignments of error and affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR