**The STATE of Ohio, Plaintiff,**

**v.**

**GIBSON, Defendant.**

2007-Ohio-6069.]

Clermont County Municipal Court, Ohio.

No. 2006TRC23514.

Decided April 2, 2007.

Donald White, Clermont County Prosecuting Attorney, and Carol Rowe, Assistant Prosecuting Attorney, for plaintiff.

Charles Strain, for defendant.

BROCK, Judge.

{¶ 1} This matter came before the court for consideration of the defendant's motion to dismiss and terminate an administrative license suspension ("ALS"). A hearing was held on February 28, 2007. The defendant was present, represented by Charles Strain. The state of Ohio was represented by Assistant Prosecuting Attorney Carol Rowe. Upon consideration of the motion, the arguments of counsel, and the applicable law, the court renders this written decision denying the motion to dismiss and granting the motion to terminate the ALS.

*FACTS*

{¶ 2} On December 5, 2006, the defendant, Kimberly Gibson, was stopped by Officer Johnson of the Milford Police Department for a traffic offense. As a result of his contact with Gibson, Officer Johnson issued her a citation for operating a vehicle under the influence of alcohol ("OMVI") in violation of R.C. 4511.19(A)(1)(a). Gibson was also cited for speeding, driving under suspension, and having expired license plates. The summons issued to Gibson by Officer Johnson ordered her to appear for her first hearing on December 20, 2006, 15 days after the issuance of the citation. The state concedes that even excluding weekends and holidays, the defendant's initial appearance occurred beyond the five-day time limit.

{¶ 3} On December 20, 2006, Defense Attorney Charles Strain filed a designation of counsel indicating his representation of Gibson and the motion to dismiss and terminate ALS, which is currently before the court. In the motion, Gibson argues the court has no jurisdiction over her because her initial appearance on the OMVI offense did not occur within five days of the issuance of the citation.

LEGAL ANALYSIS OF MOTION TO DISMISS

{¶ 4} Initially, it should be noted that the defendant's motion to dismiss, on its face, applies to all charges because the "[d]efendant declines to submit to the jurisdiction of the Court." Gibson's argument that the court lacks jurisdiction applies only to the OMVI offense. There is no requirement that a person charged with driving under suspension, speeding, and/or having expired license plates be brought before a court within five days of the issuance of the citation[s]. Accordingly, defendant's motion to dismiss is summarily overruled as it relates to the driving-under-suspension (R.C. 4510.11), speeding (R.C. 4511.21), and expired-license-plate (R.C. 4503.21) offenses.

{¶ 5} Turning to the thrust of Gibson's motion, she argues that the court lacks jurisdiction over her on the OMVI charge because she was not provided an initial court appearance within five days of receiving the summons charging her with OMVI. Gibson correctly points out that R.C. 4511.191(D)(2) and 4511.196(A) each contain language stating that the initial appearance on a charge of OMVI *shall* be held within five days of the person's arrest or receipt of the citation. She argues that the word "shall" in these sections makes the hearing within five days mandatory, and failure to comply deprives the court of jurisdiction. Gibson cites authority for her position that noncompliance with mandatory statutes renders the proceedings illegal and void. See *In re Byrd,* Franklin App. No. 04AP–854, 2005-Ohio-3148, 2005 WL 1483845; *State ex rel. Botkins v. Laws* (1994), 69 Ohio St.3d 383, 632 N.E.2d 897. However, she offers no persuasive authority that compliance with the five-day hearing referred to in

R.C. 4511.191(D)(2) and 4511.196(A) is mandatory in a prosecution of R.C. 4511.19(A). At oral argument, counsel for Gibson argued, "Shall means shall," and therefore the statutes are mandatory. However, it is well settled in Ohio that use of the word "shall" in a statute may be directory rather than mandatory.

{¶ 6} In *State v. Barnell* (1924), 109 Ohio St. 246, 142 N.E. 611, the Ohio Supreme Court addressed a statute containing language that a public safety director *shall* conduct an inquiry within five days of the receipt of a notice of suspension of a police or fire employee. In *Barnell*, the inquiry was not conducted until several days after the five-day period expired, and the defendant argued, similar to Gibson's argument in the case at bar, that the safety director lacked jurisdiction over him. Id. at 254, 255, 142 N.E. 611. The Supreme Court indicated the use of the word "shall" is not dispositive: "[t]he word 'may' may be construed as mandatory, and the word 'shall' may be construed as merely permissive." Id. at 256, 142 N.E. 611. "Whether a statute is mandatory or directory is to be ascertained from a consideration of the entire act, its nature, its object, and the consequences which would result from construing it one way or the other. * * * A statute specifying a time within which a public officer is to perform an official act regarding the rights and duties of others is directory merely, unless the nature of the act to be performed or the phraseology of the statute or of other statutes relating to the same subject-matter is such that the designation of time must be considered a limitation upon the power of the officer. * * * The charter section in question does not state in terms that if the judgment is not rendered within five days the public safety director shall have no jurisdiction." Id. at 255, 142 N.E. at 611.

{¶ 7} In 1999, the Ohio Supreme Court again addressed the issue: "But, even with 'shall' as the operative verb, a statutory time provision may be directory. 'As a general rule, a statute which provides a time for the performance of an official duty will be construed as directory so far as time for performance is concerned, especially where the statute fixes the time simply for convenience or orderly procedure.'" *In re Davis* (1999), 84 Ohio St.3d 520, 523, 705 N.E.2d 1219, quoting *State ex rel. Jones v. Farrar* (1946), 146 Ohio St. 467, 472, 32 O.O. 542, 66 N.E.2d 531.

{¶ 8} *Davis* concluded that a statute stating a court *shall* enter an appropriate judgment within seven days after a dispositional hearing for children adjudicated abused, neglected, or dependent was directory rather than mandatory. The judge in *Davis* did not comply with this seven-day requirement; he waited 17 months before entering the judgment. 84 Ohio St.3d at 521–522, 705 N.E.2d 1219. Despite this patently unreasonable delay, the court found the seven-day limit to be directory, not mandatory, and held that failure to comply with the statute did not deprive the court of jurisdiction to decide the issue. Id. at 523,

705 N.E.2d 1219. The court also noted that the statute in question "does not include any expression of intent to restrict the jurisdiction of the court for untimeliness." Id. at 522, 705 N.E.2d 1219.

{¶ 9} In a concurring opinion in *Davis*, Justice Resnick further elaborates on the issue: "[C]ourts have concluded that time limits directed at court actions are generally treated as directory. * * * Had the General Assembly intended the seven-day decision time to be of the essence and as a result jurisdictional, it certainly knew how to so indicate." (Citation omitted.) Id. at 525, 705 N.E.2d 1219.

{¶ 10} The Twelfth District Court of Appeals addressed whether a statute is mandatory or directory in *Wilmington City School Dist. Bd. of Edn. v. Clinton Cty. Bd. of Commrs.* (2000), 141 Ohio App.3d 232, 240, 750 N.E.2d 1141: "The use of 'shall' in a statute is more likely to be mandatory where the statute concerns the substance, not the timeliness of an act. As a general rule, 'statutes which relate to the essence of the act to be performed are matters of substance, and are mandatory; those which do not relate to the essence, compliance with which is merely a matter of convenience rather than substance, are directory.'" Id., citing *Abate v. Pioneer Mut. Cas. Co.* (1970), 22 Ohio St.2d 161, 163–164, 51 O.O.2d 229, 258 N.E.2d 429.

{¶ 11} In the case at bar, both R.C. 4511.191(D)(2) and 4511.196 address the timeliness of a defendant's initial appearance on an OMVI charge, not the substance of the initial appearance. R.C. 4511.191 codifies Ohio's implied-consent law and creates the ALS, which is civil, not criminal, in nature. The five-day requirement for an initial appearance is designed to insure a prompt hearing, should a defendant choose to appeal an ALS. The directory nature of the five-day requirement in R.C. 4511.191(D)(2) is underscored by the fact that the initial appearance can be continued beyond five days: "The person's initial appearance on the charge [of OMVI] resulting from the arrest shall be held within five days of the person's arrest or the issuance of the citation to the person, *subject to any continuance granted by the court pursuant to Section 4511.197 [4511.19.7] of the Revised Code regarding the issues specified in that division.*" (Emphasis added.) R.C. 4511.191(D)(2).

{¶ 12} The issues specified in R.C. 4511.197 are those issues to be addressed in an appeal of an ALS, further demonstrating that the five-day requirement is designed to afford a potential civil remedy to a defendant, not create a substantive jurisdictional right.

{¶ 13} The state cites *Columbus v. Rose*, Franklin App. No. 06AP–579, 2007-Ohio-499, 2007 WL 350781, in support of its position that the five-day requirement applies to the civil aspects of the ALS and does not create a jurisdictional

requirement for a criminal prosecution pursuant to R.C. 4511.19(A)(1). In *Rose*, the Tenth District Court of Appeals addressed the same issue raised by the defendant here. The court concluded, "R.C. 4511.191 and 4511.196 are related solely to the civil and remedial aspects of the OVI statutory framework, and not the criminal aspects. The purpose for requiring the initial appearance to be held within five days is to provide the person with an opportunity to appeal the ALS." Id. at ¶ 6. In reversing the trial court's dismissal of the charges for failure to provide an initial appearance within five days, the appellate court states: "[T]he trial court essentially treated the five-day requirement for holding the initial appearance as a speedy trial right requiring dismissal of the criminal charges, a result supported by neither the speedy trial statutes (R.C. 2945.71 through 2945.73) nor 4511.191 and 4511.196. In reaching this result, the trial court improperly conflated the civil and remedial nature of the ALS appeal called for by the OVI statutory framework with the criminal aspects of that framework." Id. at ¶ 7.

{¶ 14} Gibson correctly points out that both R.C. 4511.191(D)(2) and 4511.196(A) require a hearing within five days regardless of whether an ALS is imposed. This fact does not, however, demonstrate an intent by the legislature to make the five-day requirement jurisdictional. As noted by the court in *Rose*, the five-day requirement is contained in Revised Code sections dealing with implied consent and license suspensions, not R.C. 4511.19, the criminal statute dealing with OMVI. Given the current length of R.C. 4511.19 and the detailed prohibitions (i.e., drug levels of R.C. 4511.19(A)(1)(j)) and limitations (i.e., three-hour time limit for bodily substance withdrawal in R.C. 4511.19(D)(1)), the legislature has clearly demonstrated the ability to make its intentions known with respect to OMVI offenses. The failure of the legislature to provide any remedy for failing to comply with the five-day time frame strongly suggests that the legislature did not intend such failure to create a jurisdictional bar to a prosecution under R.C. 4511.19.

{¶ 15} This court concludes that the five-day time frame set forth in R.C. 4511.191(D)(2) and 4511.196(A) is directory rather than mandatory. The five-day limitation simply fixes a time frame for a defendant's initial appearance and does not affect the substance of that appearance, which is to address issues surrounding the ALS under R.C. 4511.191 or the pretrial judicial suspension of the defendant's license pursuant to R.C. 4511.196. Absent any evidence of legislative intent to make the five-day requirement substantive and jurisdictional, the court finds the five-day requirement to be directory only, and failure to provide an initial appearance within five days does not deprive the court of jurisdiction over the OMVI offense.

{¶ 16} The negative consequences to Gibson of this decision are minimal. Her defense to the merits of the OMVI charge has not been prejudiced in any way. Had the court granted her motion to dismiss, counsel for the defendant conceded at oral argument that such a dismissal would not have constituted jeopardy, and the state could simply refile the charge of OMVI, putting Gibson in the same position she is in currently.

## LEGAL ANALYSIS OF MOTION TO TERMINATE ALS

{¶ 17} The motion to terminate ALS presents a much simpler issue. As discussed at length, the five-day requirement is clearly designed to afford defendants charged with OMVI an opportunity to appeal the imposition of an ALS. Failure to provide said hearing deprives a defendant of due process, as related to the ALS. See *State ex rel. Igoe v. Grogan* (Dec. 18, 1997), Cuyahoga App. No. 73383, 1997 WL 781798. The state conceded this point at oral argument and conceded that the ALS should be terminated. Accordingly, the ALS is terminated due to the failure to provide Gibson an initial appearance within five days of the issuance of the citation.

## CONCLUSION

{¶ 18} For the foregoing reasons, the defendant's motion to dismiss and terminate ALS is overruled in part and granted in part. Gibson's motion to dismiss for lack of jurisdiction is overruled. Her request to terminate the ALS is granted.

So ordered.