ROLLS, APPELLANT, *v.* ROLLS, APPELLEE.

(No. 40231—Decided February 1, 1967.)

*Mr. Roy H. Horn,* for appellant.

HERBERT, J. Does the failure of the trial court to make the investigation which Section 3105.08, Revised Code, requires to

be made where there are children under 14 years render the support order void? Plaintiff contends that it does.

The Common Pleas Court clearly had jurisdiction of the subject matter of a divorce action under Section 3105.01, Revised Code. Plaintiff's residence requirements were met. Section 3105.03, Revised Code. Jurisdiction over the nonresident defendant was obtained pursuant to Section 3105.06, Revised Code. The defendant by her answer consented to the jurisdiction of the court. Section 3105.03 expressly states that the fact that the marriage and the cause of action arose outside Ohio does not impair the court's jurisdiction. Section 3105.07 indicates that a divorce action against a person who "is the subject of a foreign nation and a nonresident of the state" is well within the framework of the court's jurisdiction.

However, plaintiff argues that a divorce decree and a support order derive their validity from separate jurisdictional bases. But both principle and authority militate against that position. As a matter of principle, the state of Ohio in its paramount concern for the children of a marriage could never, as plaintiff claims, dissolve the marriage without providing for the children of that marriage. Ohio's divorce laws were never intended to be a means by which a spouse could insulate himself from his obligations to his children, for the state seeks to remedy social ills, not to cause them. Thus in a divorce action the court is *required* to make such support order "as is just." This is the import of Section 3105.21, Revised Code which, prior to amendment, read as follows:

"Upon satisfactory proof of any of the charges in the petition for divorce or for alimony, the Court of Common Pleas *shall* make such order for the disposition, care, and maintenance of the children of the marriage, as is just, and in accordance with Section 3109.04 of the Revised Code." (Emphasis added.)

The statute does not lay down separate jurisdictional steps as conditions for support orders. Rather, it requires the court in a divorce proceeding to make a support order. This indicates to us that divorce decrees and support orders do not rest on separate jurisdictional bases but are rather two means necessary to remedy one problem. Jurisdiction to render a di-

vorce decree and jurisdiction to render a support order are one and inseparable.

When the court, acting within its jurisdiction, made the support order without causing a prior investigation to be made, it did not lose its power to act. That had already attached. And certainly an error of law, no matter how significant, does not destroy a court's power to act. The court having the jurisdiction and the power to enter the order of support, such order is not void merely because no investigation was made.

The Court of Appeals, after disposing of the question of jurisdiction in its journal entry, added that the "failure to investigate constitutes error." It is not necessary to decide the question raised by this statement inasmuch as the sole issue presented by the appellant is one of jurisdiction.

Since we hold that the lack of prior investigation does not render the support order void, the judgment of the Court of Appeals is affirmed, and the judgment in *Cobb* v. *Cobb,* 112 Ohio App. 19, is disapproved.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL and SCHNEIDER, JJ., concur.

BROWN, J., concurs in the syllabus and judgment.