OPINION
Defendant-appellant, William Payton, appeals a decision of the Fayette County Court of Common Pleas, Domestic Relations Division, denying his Civ.R. 60(B) motion to set aside judgment. The decision of the trial court is affirmed as modified.
William and plaintiff-appellee, Kristi Payton, were married on July 2, 1983. The parties had one child, Erica Payton, born March 2, 1985. In 1993, William was convicted of murder and sentenced to fifteen years to life in prison. Since that time, Kristi has been the sole provider for their daughter.
Kristi filed a complaint for divorce in November 1999. The matter was heard before a magistrate who issued a decision on March 24, 2000. The decision divided the parties' assets, allocated parental rights and responsibilities, and ordered William to pay child support based on an imputed minimum wage income. On April 19, 2000, William filed objections to the decision, which the trial court overruled as untimely. William then filed a Civ.R. 60(B) motion to set aside the judgment. In the motion, William alleged that the trial court erred by overruling his objections, by ordering him to pay child support, and by not awarding him part of a Huntington Bank account established by the parties to fund Erica's college education.
The trial court overruled the motion, finding that William failed to demonstrate newly-discovered evidence, excusable neglect, or any other reason justifying relief from judgment under Civ.R. 60(B). William appeals, raising four assignments of error.
The decision to grant or deny relief from judgment under Civ.R. 60(B) is committed to the sound discretion of the trial court and, absent an abuse of discretion, will not be reversed on appeal. Adomeit v.Baltimore (1974), 39 Ohio App.2d 97, 103. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
Civ.R. 60(B) provides "the exclusive grounds which must be present and the procedure which must be followed in order for a court to vacate its own judgment." Cale Products, Inc. v. Orrville (1982), 8 Ohio App.3d 375,378, quoting McCue v. Insurance Co. (1979), 61 Ohio App.2d 101. In order to prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that:
 (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
 GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 150-151. William alleges that he is entitled to relief under Civ.R. 60(B)(1), (3) and (5), which state as follows:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (3) fraud, * * * misrepresentation or other misconduct of an adverse party; * * * (5) any other reason justifying relief from the judgment.
In his first assignment of error, William contends that the trial court abused its discretion by ordering him to pay child support.
William initially argues that Kristi's filing of a divorce complaint terminated his child support obligation. He thus concludes that the trial court erred by making an award of child support which encompasses any period of time prior to the final divorce decree.
Contrary to William's contention, each parent of a child has a duty to support his or her minor child, regardless of the parent's marital status. See R.C. 3103.03 and R.C. 3103.031. There is no legal authority for the proposition that the support obligation terminates upon the filing of a complaint for divorce. Rather, the filing of the complaint invokes the trial court's jurisdiction to make an enforceable award of child support. R.C. 3109.05. As a general rule, the court should order child support retroactive to the date that the request for support was made. Hamilton v. Hamilton (1995), 107 Ohio App.3d 132, 139.
William further contends that the trial court lacked authority to order child support because Kristi's complaint for divorce does not specifically request such relief. The complaint for divorce states that Kristi requests "a judgment of divorce from defendant, temporary and permanent custody of the minor child of the marriage, a reasonable division of the property and assets of the marriage, and such other andfurther relief, both legal and equitable, as the Court deems necessaryand proper." (Emphasis added.) The complaint's request for any other "necessary and proper relief" is sufficient to raise the issue of child support before the trial court.
Moreover, a request for child support need not be specifically raised in a complaint for divorce. In Ohio, a court can "never * * * dissolve a marriage without providing for the children of that marriage." Rolls v.Rolls (1967), 9 Ohio St.2d 59, 62. "Jurisdiction to render a divorce decree and jurisdiction to render a support order are one and inseparable." Id.
Because William's contentions under this assignment of error have no merit, we find no abuse of discretion in the trial court's determination that William's argument failed to demonstrate a meritorious claim or defense. Accordingly, the assignment of error is overruled.
In his second assignment of error, William alleges that the trial court abused its discretion by ordering that his child support obligation would begin on a date that precedes the filing of the complaint for divorce. The trial court ordered that William's child support obligation would be effective November 18, 1998. The complaint for divorce was not filed until November 18, 1999.
A trial court lacks authority to order child support retroactive to a date prior to the filing of a request for support, in this case, the complaint for divorce. Trump v. Trump (1999), 136 Ohio App.3d 123,127-128. The trial court clearly lacked authority to order child support retroactive to Nov. 18, 1998, a date preceding the filing of the complaint for divorce. Kristi concedes that that the date is in error, maintaining that the trial court made a clerical mistake in its decision.
The assignment of error is overruled as it relates to the denial of William's Civ.R. 60(B) motion to set aside judgment. However, pursuant to App.R. 12(B), we modify the decision of the trial court to reflect that William's child support obligation is effective November 18, 1999.
In his third assignment of error, William argues that the trial court abused its discretion by imputing a minimum wage income to him for purposes of determining his child support obligation. William argues that his incarceration should relieve him of his duty to support his daughter.
It is well-established that a parent cannot avoid the duty of support owed to a minor child through intentional conduct. Richardson v. Ballard
(1996), 113 Ohio App.3d 552, 554. This court has held that incarceration is a foreseeable result of criminal activity and thus voluntary conduct.Id. William, who by his own wrongful actions placed himself in a position that he is no longer available for gainful employment, is not now entitled to relief from his obligation to support his child. Id.
Upon finding that a parent is voluntary underemployed or unemployed, the trial court may impute income to the parent, for the purposes of determining a child support order, based upon the factors enumerated in R.C. 3113.215(5)(a) and the facts and circumstances of the case. Based on our review of the record, we do not find an abuse of discretion in the trial court's determination that William was voluntarily unemployed and that minimum wage income should be imputed to him for the purposes of determining his child support obligation.
Because William's argument is without merit, we find that the trial court did not abuse its discretion by finding that William failed to present evidence of a meritorious claim or defense justifying relief from judgment. Accordingly, the assignment of error is overruled.
In his fourth assignment of error, William argues that the trial court abused its discretion by not awarding him any part of the Huntington Investment Company Stock.
The testimony of both parties at trial indicated that this investment account was established to fund Erica's college education. The trial court ordered that Kristi maintain the account for Erica's benefit, and that Kristi provide William with an accounting for the funds once they are expended for Erica's college education. The trial court's decision gives effect to the parties' intention regarding the account and serves the best interest of their child. We find no abuse of discretion in the trial court's distribution of the account, and likewise, no abuse of discretion in the trial court's conclusion that William, with this argument, failed to demonstrate a meritorious defense or claim justifying relief from judgment. The assignment of error is overruled.
YOUNG, P.J., and VALEN, J., concur.