[Cite as *Curry v. Ohio State Penitentiary*, 2011-Ohio-2892.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GREG CURRY

     Plaintiff

     v.

OHIO STATE PENITENTIARY

     Defendant

Case No. 2010-10424-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1)  Plaintiff, Greg Curry, an inmate incarcerated at defendant, Ohio State Penitentiary (OSP), alleged several items of his personal property were confiscated by OSP staff on or about February 25, 2010 and subsequently destroyed without any authorization.  Plaintiff explained the alleged confiscated property included 25 coffee, 2 peanut butter, 2 Muslim oil, 4 Tone soap, 4 Dial soap, 2 Ivory soap, 2 B.B.Q. sauce, 20 Cool Ranch dressing, 3 Crest toothpaste, 25 seafood, 4 pickle, 3 deck of playing cards, 2 cheese bits, 15 ramen soup, 2 soap powder, 2 AA batteries, 20 danish, 22 cheesy beans & rice, 10 shabang chips, 2 big bag of sour starburst, 1 chili bean sauce, and a digital antenna.  Plaintiff further asserts OSP staff confiscated and destroyed 41 embossed envelopes and a pair of Koss headphones on March 3, 2010.  Plaintiff maintained the headphones were brand new and had not been altered.  Plaintiff filed this complaint seeking to recover $283.49, the estimated value of the above listed property items.  With his complaint, plaintiff submitted a receipt for one set of Koss headphones (dated June 18, 2008), and multiple OSP commissary receipts for various

food and hygiene items (dated March 11, May 20, June 17, July 15, August 12, September 9, October 21, November 18, and December 16, 2009, and another dated February 10, 2010). The $25.00 filing fee was paid.

{¶ 2} 2) Defendant acknowledged OSP staff confiscated items over the allowable property limit on February 25, 2010. Defendant declared plaintiff was in possession of an altered pair of headphones and an excessive amount of commissary for which he had no valid receipt. Defendant issued plaintiff a "Conduct Report" for possession of contraband and for possession of property of another. No evidence was submitted to establish the disposition of the property confiscated from plaintiff's possession on February 25, 2010. Defendant submitted a copy of another "Conduct Report" issued on March 4, 2009 charging plaintiff with possession of contraband, including possession of an altered cassette player. The investigation report prepared by the OSP institutional inspector states "OSP did confiscate and destroy $28.71 of property that should not have been taken as contraband." Defendant admitted liability for $28.71 in damaged goods but asserted plaintiff "accepted and signed a release claim for 25 envelopes, the equivalent of the amount owed to Plaintiff."

{¶ 3} 3) Plaintiff filed a response contending he owned the property that was confiscated and destroyed without any authorization by defendant. In addition, plaintiff insisted the release he signed for 25 envelopes related to a property loss that occurred on or about May 14, 2010, and as such, has nothing to do with the matters asserted in this claim.

CONCLUSIONS OF LAW

{¶ 4} 1) Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 5} 2) An inmate plaintiff may recover the value of confiscated property destroyed by agents of defendant when those agents acted without authority or right to carry out the property destruction. *Berg v. Belmont Correctional Institution* (1998), 97-09261-AD.

{¶ 6} 3) Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 7} 4) Prison regulations, including those contained in the Ohio Administrative Code, are "primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates. *State ex rel. Larkins v. Wilkinson*, 79 Ohio St. 3d 477, 1997-Ohio-139, 683 N.E. 2d 1139, citing *Sandin v. Conner* (1995), 515 U.S. 472, 481-482, 115 S. Ct. 2293, 132 L. Ed. 2d 419. Additionally, this court held that "even if defendant had violated the Ohio Administrative Code, no cause of action would exist in this court. A breach of internal regulations in itself does not constitute negligence." *Williams v. Ohio Dept. of Rehab. and Corr.* (1993), 67 Ohio Misc. 2d 1, 3, 643 N.E. 2d 1182. Accordingly, to the extent plaintiff alleges that OSP staff failed to comply with internal prison regulations and the Ohio Administrative Code, he fails to state a claim for relief.

{¶ 8} 5) In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 9} 6) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided * * * by the court * * *" *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; and *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 10} 7) It has been previously held, an inmate plaintiff may recover the value of confiscated contraband property destroyed by agents of defendant when those agents acted without authority or right to carry out the property destruction. *Berg v. Belmont Correctional Institution* (1998), 97-09261-AD; *Wooden v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2004-01958-AD, 2004-Ohio-4820; *Hemsley v. N. Cent. Correctional Inst.*, Ct. of Cl. No. 2005-03946-AD, 2005-Ohio-4613; *Mayfield v. Richland Correctional Inst.*, Ct. of Cl. No. 2005-07976-AD, 2006-Ohio-358.

{¶ 11} 8) The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill*

(1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions particular persuasive in regard to the fact he was the rightful owner of all of the confiscated property.

{¶ 12} 9) Plaintiff has no right to pursue a claim for destroyed property in which he cannot prove any right of ownership. *DeLong v. Department of Rehabilitation and Correction* (1988), 88-06000-AD. Defendant cannot be held liable for contraband property that plaintiff has no right to possess. *Beaverson v. Department of Rehabilitation and Correction* (1988), 87-02540-AD; *Radford v. Department of Rehabilitation and Correction* (1985), 84-09071.

{¶ 13} 10) An inmate maintains no right of ownership in property which is impermissibly altered and therefore, has no right to recovery when the altered property is lost or destroyed. *Watley v. Ohio Department of Rehabilitation and Correction*, Ct. of Cl. No. 2005-05183-AD, jud, 2005-Ohio-4320; *Watson v. Ohio State Penitentiary*, Ct. of Cl. No. 2007-05229-AD, 2008-Ohio-2848.

{¶ 14} 11) Evidence has shown some confiscated property was altered and consequently was considered impermissible. No recovery can be had for the loss or destruction of impermissible altered property. See *Kemp v. Ohio State Penitentiary*, Ct. of Cl. No. 2006-02587-AD, 2006-Ohio-7247.

{¶ 15} 12) Negligence on the part of defendant has been shown in respect to a portion of the property claimed. *Baisden v. Southern Ohio Correctional Facility* (1977), 76-0617-AD.

{¶ 16} 13) The assessment of damages is a matter within the province of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462.

{¶ 17} 14) As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶ 18} 15) Defendant is liable to plaintiff for property loss in the amount of $28.71, plus the $25.00 filing fee which may be reimbursed as compensable costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GREG CURRY

     Plaintiff

     v.

OHIO STATE PENITENTIARY

     Defendant

Case No. 2010-10424-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $53.71, which includes the filing fee. Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Greg Curry, #213-59
878 Coitsville-Hubbard Road
Youngstown, Ohio 44505

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street

Columbus, Ohio  43222

SJM/laa
3/14
Filed 3/25/11
Sent to S.C. reporter 6/9/11