**The STATE of Ohio**

v.

**HENRY.**

Wadsworth County Municipal Court.

No. 94–TRC–1071–1.

Decided June 9, 1994.

58

*Page C. Schrock III,* for plaintiff.

*Michael T. Butts,* for defendant.

JAMES L. KIMBLER, Judge.

On March 5, 1994, defendant Gregory L. Henry was arrested for operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1). Defendant was read a copy of the form required by R.C. 4511.191 and agreed to submit to a blood test. The arresting officer then placed defendant under an administrative license suspension pursuant to R.C. 4511.191(D)(1)(a).

At the time that the officer placed defendant under the administrative license suspension, hereinafter referred to "ALS," the officer did *not* have the results of the blood test. Subsequently, the officer received the results, which were over the limit prescribed in R.C. 4511.191(D)(1). Defendant filed an appeal of the ALS, which is now before the court.

■ The first issue to be resolved is whether an ALS can be imposed when a defendant takes a requested test, but the test results are not known prior to the officer placing the defendant under an ALS. R.C. 4511.191(D)(1) contains the following language:

"If a person under arrest as described in division (C)(1) of this section is asked by a police officer to submit to a chemical test designated as provided in division (A) of this section and is advised of the consequences of his refusal or submission as provided in division (C) of this section and if either the person refuses to submit to the designated chemical test or the person submits to the designated chemical test and the test results indicate that his blood contained a concentration of ten-hundredths of one per cent or more by weight of alcohol, his breath contained a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath, or his urine contained a concentration of fourteen-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his urine at the time of the alleged offense, the arresting officer shall do all of the following[.]"

Obviously, from the language quoted above, an ALS is triggered by either a defendant's refusing to take a requested test, or taking the test and testing over the above limits. In this case, defendant took the test, was over the above limit, but the results were not known until after the ALS was imposed. Therefore, what is the effect on the ALS based on those facts?

One argument would be that the ALS is void because the statutory prerequisites for the officer's actions were not present. Under R.C. 4511.191, the officer is acting as an agent of the Ohio Bureau of Motor Vehicles. The officer is the person who puts the defendant's license under the ALS. Before he or she can do so, he or she has to know the test result. If they do not, then they have no authority to impose the ALS.

A different argument would be, however, that since the issues that can be raised on an ALS appeal are set forth in R.C. 4511.191(H)(1), and since whether or not the arresting officer knew the test results is not one of those issues, then a municipal or county court which was hearing the ALS appeal would not be able to grant the appeal for a reason not set forth in the statute.

The trouble with the above argument is that it would leave the defendant with no remedy in those cases where an arresting officer did not follow the statutory scheme of R.C. 4511.191. Under R.C. 119.062, the provisions of the Ohio Administrative Procedure Act do not apply to actions by the Registrar of the Bureau of Motor Vehicles under R.C. 4511.191. Therefore, a person in defendant's position would not be able to raise the issue of whether or not an arresting officer had the authority to impose the ALS.

Such a result is a violation of due process. The state cannot set forth a statutory scheme to suspend a person's operating privileges, not follow the scheme, and then claim that since such actions are not one of the four issues allowed in an ALS appeal a municipal or county court has no authority to terminate the ALS.

This court holds that where a defendant charged with violating R.C. 4511.19 takes a requested test, and the test results are not known to the arresting officer, that officer has no authority to impose an ALS.

Accordingly, the ALS appeal is granted and the court orders the clerk of this court to inform the Bureau of Motor Vehicles that the ALS imposed on March 5, 1994, is terminated.

*So ordered.*