MEADOWS

v.

OHIO BUREAU OF MOTOR VEHICLES.

Wadsworth Municipal Court, Ohio.

No. 95–CVH–33.

Decided Feb. 14, 1995.

**4**

*V. Lee Winchell, pro se,* plaintiff.

*Norman E. Brague,* Wadsworth Director of Law, for defendant.

JAMES L. KIMBLER, Judge.

This matter came to be heard upon an appeal of an administrative license suspension, hereinafter referred to as "ALS." Based upon the stipulations of the parties, the court finds the facts to be as follows:

On October 8, 1994, plaintiff Jerry M. Meadows was put under an ALS for refusing to submit to a breath test pursuant to R.C. 4511.191. This alleged refusal resulted from an arrest for violating R.C. 4511.19(A)(1). The uniform traffic citations issued to the plaintiff were for violations occurring in the jurisdiction of the Wadsworth Municipal Court. The plaintiff was given a date to appear in the Wadsworth Municipal Court within five days of his arrest as required by R.C. 4511.191. The traffic tickets were filed, however, in the Medina Municipal Court. Consequently, the plaintiff was never arraigned within that five-day period in this court, since this court had no jurisdiction.

On October 24, 1994, Judge Dale Chase of the Medina Municipal Court dismissed the case pending in that court against the plaintiff because the Medina Municipal Court did not have venue to hear the plaintiff's cases. From that date until January 19, 1995, nothing occurred. On January 19, 1995, however, the plaintiff was served with new tickets alleging an offense date of October 8, 1994, and he was summoned to appear in this court on January 25, 1995.

 R.C. 4511.196(A) mandates that an initial appearance for operating under the influence of alcohol shall be held within five days of the date of arrest. This section applies whether the defendant has taken a chemical test or has refused a chemical test. The significance of the five-day period is that the defendant has the right to appeal any ALS at the initial appearance. The statutory scheme is that a defendant (plaintiff herein) may begin the process of judicial review of a police officer's actions in imposing the ALS within five days of his or her arrest. In this case, that scheme was frustrated by the fact that the

arresting officer filed the traffic ticket in the wrong court. Consequently, the defendant (plaintiff herein) was not given the opportunity to file his appeal within the required five-day period.

This court has previously ruled that the failure of the state to follow the statutory scheme for an ALS denies a defendant due process. *State v. Henry* (1994), 66 Ohio Misc.2d 57, 642 N.E.2d 1174. Although that case dealt with a different section of R.C. 4511.191, the court finds that the same rationale does apply. Therefore, the court holds that in a case where the actions of an agent of the state deprive a defendant charged with violating R.C. 4511.19 of an initial appearance within five days, any ALS imposed upon such a defendant should be terminated. Consequently, the plaintiff's appeal of his ALS is granted. Costs are taxed to the state of Ohio.

IT IS SO ORDERED, ADJUDGED, AND DECREED.

*So ordered.*