OPINION
{¶ 1} Appellant, City of Columbus, filed this appeal seeking reversal of a decision by the Franklin County Municipal Court dismissing two counts of operating a vehicle while under the influence of alcohol ("OVI"). For the reasons that follow, we reverse.
 {¶ 2} On May 8, 2006, appellee, Terry L. Rose ("appellee") was charged with two counts of OVI in the City of Columbus. Appellee's arraignment was held on May 16, 2006, at which time appellee made a motion to dismiss the charges due to the failure to provide an initial appearance within five days of the charges being filed, as required by R.C.4511.191 and 4511.196. Apparently, there was some confusion on the part of the assigned prosecutor as to whether appellee's motion sought dismissal of only the administrative license suspension ("ALS") imposed at the time appellee was charged, or of the underlying criminal charges as well. The trial court granted appellee's motion to dismiss, and clarified that the dismissal was of both the ALS and the underlying criminal charges.
 {¶ 3} Appellant filed this appeal, alleging as its sole assignment of error that:
 The trial court erred as a matter of law in dismissing a criminal OVI charge under the authority of a remedial statute dealing with civil sanctions.
 {¶ 4} Ohio's OVI statutory framework includes some provisions that are criminal in nature, and others that are civil in nature. The criminal aspects encompass the charge itself and the criminal penalties to be imposed, which are set forth in R.C. 4511.19.[1] Other aspects, including the ALS imposed at the time a person is charged with OVI, are civil and remedial in nature. State v. Gustafson (1996),76 Ohio St.3d 425, 668 N.E.2d 435. The Ohio Supreme Court has emphasized this duality in a number of cases involving the interplay between the criminal OVI charge and the ALS. See, e.g., State v. Uskert (1999),85 Ohio St.3d 593, 709 N.E.2d 1200 (reinstatement fee imposed as part of ALS does not constitute double jeopardy barring criminal charge of OVI); State v.Williams (1996), 76 Ohio St.3d 290, 667 N.E.2d 932 (criminal prosecution for OVI not barred on res judicata grounds where ALS was dismissed at initial appearance).
 {¶ 5} The statutory provision regarding the initial appearance is set forth in R.C. 4511.191 and repeated in R.C. 4511.196. Each section provides that, when a person is charged with a violation of R.C. 4511.19
or an equivalent municipal OVI ordinance, "the person's initial appearance on the charge resulting from the arrest shall be held within five days of the person's arrest or the issuance of the citation to the person." R.C. 4511.191(D)(2), and 4511.196(A). Neither section sets forth any remedy for the failure to hold the initial appearance within the five-day timeframe.
 {¶ 6} It is clear that R.C. 4511.191 and 4511.196 are related solely to the civil and remedial aspects of the OVI statutory framework, and not the criminal aspects. The purpose for requiring the initial appearance to be held within five days is to provide the person with an opportunity to appeal the ALS. In fact, an ALS appeal is untimely unless made at the initial appearance, or within thirty days of the initial appearance. R.C. 4511.197(A).
 {¶ 7} Here, the trial court essentially treated the five-day requirement for holding the initial appearance as a speedy trial right requiring dismissal of the criminal charges, a result supported by neither the speedy trial statutes (R.C. 2945.71 through 2945.73) nor R.C. 4511.191 and 4511.196. In reaching this result, the trial court improperly conflated the civil and remedial nature of the ALS appeal called for by the OVI statutory framework with the criminal aspects of that framework.
 {¶ 8} Consequently, we reverse the trial court's decision dismissing the criminal OVI charges against appellee, and remand this matter to the trial court for further action consistent with this opinion.
Judgment reversed and cause remanded.
BROWN and WHITESIDE, JJ., concur.
 WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] In this case, appellee was not charged with a violating R.C.4511.19, but rather with violating the equivalent provisions of the Columbus City Code. This distinction does not affect the applicability of the provisions governing the ALS.