[Cite as *Toledo v. Ferguson*, 2017-Ohio-1394.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo

Appellee

v.

Joseph P. Ferguson

Appellant

Court of Appeals No. L-16-1118

Trial Court No. TRC-16-13094

**DECISION AND JUDGMENT**

Decided: April 14, 2017

* * * * *

David Toska, City of Toledo Chief Prosecutor, and
Henry Schaefer, Assistant Prosecutor, for appellee.

Andrew R. Bucher, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Joseph P. Ferguson, appeals the May 26, 2016 judgment of the

Toledo Municipal Court, in which the court upheld suspension of his driver's license

under R.C. 4511.197(C). Finding error in the judgment, we reverse.

## Assignments of Error

{¶ 2} Appellant sets forth the following assignments of error:

1. THE TRIAL (Sic) ERRED BY FAILING TO VACATE THE ADMINISTRATIVE LICENSE SUSPENSION WHEN THE PATIES (Sic) STIPULATED THE OFFICER FAILED TO COMPLY WITH THE MANDATORY REQUIREMENTS ESTABLISHED BY RC 4511.192.

2. THE TRIAL COURT ERRED BY FAILING TO VACATE THE ALS BECAUSE THE STATE VIOLATED THE DUE PROCESS RIGHTS OF THE DEFENDANT WHEN IT DID NOT FOLLOW ITS OWN STATUTORY SCHEME.

3. THE TRIAL COURT ERRED IN FAILING TO GRANT THE ALS APPEAL WHEN THE STATE PROVIDED NO EVIDENCE AT HEARING EXCEPT WHEN THE BMV 2255 FORM WAS FILED WHEN ALL GROUNDS WERE APPEALED, SPECIFICALLY, NO REASONABLE GROUNDS OF IMPAIRMENT WERE PRESENTED TO THE COURT ON THE FORM OR VIA TESTIMONY.

## Facts

{¶ 3} The following facts were stipulated to by the parties. On May 7, 2016, at 9:15 a.m., appellant was stopped, arrested, and charged for driving impaired. He was also cited for having no front license plate and not wearing a seatbelt.

2.

**{¶ 4}** The arresting officer completed a Bureau of Motor Vehicles (BMV) report. According to the report, appellant smelled of alcohol, had bloodshot glassy eyes, and showed signs of impairment during his horizontal gaze nystagmus test.

**{¶ 5}** The officer's report was filed with the trial court May 13, 2016, which was the day of appellant's initial appearance, but six days after his citation. At the hearing, appellant was granted occupational driving privileges.

**{¶ 6}** Appellant filed an administrative license suspension (ALS) appeal on May 17, 2016, seeking disposal of the ALS on "all grounds generally, and specifically but not limited to, the violation of 4511.192(E)."

**{¶ 7}** On May 25, 2016, an ALS appeal hearing was held. On May 26, 2016, the trial court denied the appeal. From this judgment, appellant now timely appeals.

### Standard of Review

**{¶ 8}** In an appeal of a trial court's continuation of an administrative license suspension, the standard of review is whether there is some competent, credible evidence to support the lower court's ruling. *State v. Williams*, 6th Dist. Ottawa No. OT-03-020, 2004-Ohio-2453, ¶ 7.

### Assignment of Error No. 1

**{¶ 9}** In the first assigned error, appellant asserts that the failure to comply with R.C. 4511.192 should result in his ALS being vacated. Appellee contends that because only factors of R.C. 4511.197(C) are to be considered for ALS appeals, noncompliance with R.C. 4511.192 does not result in appellant's ALS being vacated.

3.

{¶ 10} Based on this assigned error, we find two alternate grounds to reverse the May 26, 2016 judgment of the Toledo Municipal Court. The remaining assigned errors are moot.

{¶ 11} First, appellant's position can be characterized and supported under R.C. 4511.197(C) factors. R.C. 4511.197(C) provides that the scope of an appeal of an ALS for driving impaired is generally limited to determining whether one of the conditions is not met.

{¶ 12} The four conditions are: (1) officer had reasonable grounds to believe offender was driving impaired; (2) officer requested chemical or other test to determine impairment; (3) officer properly informed or notified of consequences for refusal to submit to the test; and, (4) offender refused to submit, or, test results show offender was driving impaired.

{¶ 13} R.C. 4511.192(D)(1)(a) requires that the arresting officer shall:

> On behalf of the registrar of motor vehicles, notify the person that, independent of any penalties or sanctions imposed upon the person, the person's Ohio driver's [license] * * * is suspended immediately, that the suspension will last at least until the person's initial appearance on the charge, which will be held within five days after the date of the person's arrest or the issuance of a citation to the person, and that the person may appeal the suspension at the initial appearance or during the period of time ending thirty days after that initial appearance.

4.

{¶ 14} Further, R.C. 4511.192(D)(1)(d) and (E) require the officer to, within 48 hours of arrest or citation, send a sworn report to the BMV and trial court. *See State v. Tucker*, 11th Dist. Ashtabula No. 2000-A-36, 2001 Ohio App. LEXIS 1235, *6 (Mar. 16, 2001).

{¶ 15} These notice requirements protect the licensee's interest in appealing the ALS at his or her initial appearance. *See*, *e.g.*, *State v. Frame*, 5th Dist. Morrow No. CA-881, 1999 Ohio App. LEXIS 2498, *8-9 (May 24, 1999) ("The purpose * * * is to provide an aggrieved licensee with a means of obtaining *prompt, postsuspension* review of an ALS."); *see also Meadows v. Ohio BMV*, 71 Ohio Misc.2d 3, 4, 653 N.E.2d 757, (M.C.1995) ("The significance of the five-day period is that the defendant has the right to appeal any ALS at the initial appearance.").

{¶ 16} For example, the *Frame* court held that not sending a copy of the sworn report to the trial court constitutes inappropriate notice. *Frame* at *6-7. In *Frame*, the officer did not comply with mandates now codified in R.C. 4511.192, because he failed to send the report to the court. *Id.* In reviewing the ALS, the court stated that "[t]he sending of a copy of the sworn report to the court is a mandatory requirement." *Id.* at *7. Because the officer did not comply or provide proper notice, disposition of the ALS was upheld. *Id.*

{¶ 17} In *Meadows*, in which a conclusion similar to *Frame* was reached, albeit under a different rationale, the court held that the failure to follow R.C. 4511.192 notice requirements is a violation of due process. *Meadows* at 757. The officer filed the report

5.

in the wrong court. *Id.* This resulted in the case being dismissed and refiled in the proper court, which occurred well beyond 5 days after the arrest or citation. *Id.* The *Meadows* court stated that notice to the court is intended to allow the offender to "begin the process of judicial review of a police officer's actions in imposing the ALS within five days of his or her arrest." *Id.* Because the statutory scheme was frustrated by the officer's noncompliance, "the defendant was not given the opportunity to file his appeal within the required five-day period." *Id.* As a result, the court disposed of the ALS. *Id.*

{¶ 18} Lastly, we point to *State v. Stout*, 5th Dist. Licking No. 07-CA-51, 2008-Ohio-2397, in which the court held that despite failing to meet the 48-hour requirement, an officer sufficiently complies with R.C. 4511.192 mandates when the record reflects the report was filed on the "earliest possible date." *Id.* at ¶ 146. In specific, the offender was arrested and cited on January 5, 2007, which was a Friday evening. *Id.* at ¶ 137. The officer did not file the report until Monday, January 8, 2007. *Id.* The court found that Monday was the "earliest possible date" the report could have been filed with the court. *Id.* Based on and implying that the 48-hour provision was sufficiently complied with, the court upheld the ALS. *Id.* at ¶ 146.

{¶ 19} In this case, we find that the arresting officer failed to comply with R.C. 4511.192, by failing to send the report to the court in a timely manner. Appellant was arrested and cited on Saturday, May 7, 2016. The report was not filed with the court until Friday, May 13, 2016, which was neither within 48 hours nor the earliest possible date. As a result, appellant did not have appropriate opportunity to review the notarized, sworn

6.

report and prepare written appeal for his initial appearance. Therefore, we find the BMV and arresting officer failed to sufficiently comply with the notice mandates. The first assigned error has merit based on this ground.

{¶ 20} Second, any error of law in the actions taken by or on behalf of the BMV may result in termination of the ALS.

{¶ 21} "[I]n an evidentiary hearing to determine whether to terminate an ALS, the licensee has the burden of showing, by a preponderance of the evidence, that the actions of the Bureau of Motor Vehicles were taken in error." *Williams*, 6th Dist. Ottawa No. OT-03-020, 2004-Ohio-2453, at ¶ 7. For purposes of an ALS, "the officer is acting as an agent of the Ohio Bureau of Motor Vehicles." *See State v. Henry*, 66 Ohio Misc.2d 57, 59, 642 N.E.2d 1174 (M.C.1994). Thus, any action taken by the officer in error can result in the termination of an ALS. *See Triguba v. Registrar*, 10th Dist. Franklin No. 95APG11-1416, 1996 Ohio App. LEXIS 2771, *7 (June 27, 1996).

{¶ 22} Based on our review, "[t]he state cannot set forth a statutory scheme to suspend a person's operating privileges, not follow the scheme, and then claim that since such actions are not one of the four issues allowed in an ALS appeal a municipal or county court has no authority to terminate the ALS." *Henry* at 59.

{¶ 23} Therefore, the licensee is relieved of the burden of proving that one of the R.C. 4511.197(C) conditions had not been met where the BMV fails to present prima facie proof the officer complied with all mandates of R.C. 4511.192. *See Langen v.*

*Caltrider*, 2d Dist. Montgomery No. 17698, 1999 Ohio App. LEXIS 3828, *7 (Aug. 20, 1999).

{¶ 24} Here, we find that the record reveals the BMV failed to present prima facie proof of compliance with R.C. 4511.192. To the contrary, the BMV conceded on record that it failed to comply with the statute. Based on this noncompliance, appellant should have been relieved of the burden of proving that one of the R.C. 4511.197(C) conditions had not been met. The first assigned error is also sustainable on this ground.

### Conclusion

{¶ 25} For the foregoing reasons, the judgment of the Toledo Municipal Court is reversed and remanded. The judgment is vacated and the trial court is ordered to reinstate appellant's license consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.            _____
                                                     JUDGE
Thomas J. Osowik, J.     

James D. Jensen, P.J.       _____
CONCUR.                                                JUDGE

_____
                                                     JUDGE

8.