[Cite as *State v. Glenn*, 2019-Ohio-429.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio/City of Bowling Green      Court of Appeals No. WD-18-047

     Appellee      Trial Court No. 18-TRC-02759

v.

Kelly Glenn      **DECISION AND JUDGMENT**

     Appellant      Decided: February 8, 2019

* * * * *

Hunter Brown, City of Bowling Green Prosecuting Attorney, for appellee.

Stephen L. Crossmock, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} This is an appeal of the June 5, 2018 judgment of the Bowling Green Municipal Court by appellant, Kelly Glenn, denying her administrative license suspension ("ALS") appeal. For the reasons set forth below, we reverse the judgment of the trial court.

**{¶ 2}** Appellant sets forth the following assignment of error:

The trial court erred to the prejudice of the plaintiff [sic] when it denied defendant's appeal of her ALS.

## Background

**{¶ 3}** On the afternoon of Monday, April 9, 2018, appellant was operating a vehicle when a law enforcement officer initiated a traffic stop. As a result of the stop, appellant was cited with operating a motor vehicle while under the influence ("OVI"), and the officer placed appellant under an ALS.

**{¶ 4}** On May 11, 2018, appellant filed an appeal of the ALS, and requested the court stay the suspension pending her appeal. A hearing was held on May 30, 2018. On June 5, 2018, the court rendered its decision denying appellant's appeal. Appellant appealed.

## Law

**{¶ 5}** Ohio's implied consent statute, R.C. 4511.191, authorizes "immediate 'on-the-spot' suspensions of driving privileges at the time of a DUI arrest." *State v. Gustafson*, 76 Ohio St.3d 425, 431, 668 N.E.2d 435 (1996). The arresting officer, acting on behalf of the Ohio Bureau of Motor Vehicles ("BMV"), must impose an ALS on a motorist who "refuses, upon the officer's request, to perform a chemical test to determine blood, breath or urine alcohol content," or who "takes the test, but 'fails' it, i.e., registers a blood, breath or urine alcohol content exceeding statutory limits." *Id.*

**{¶ 6}** A motorist whose license is subject to an ALS may appeal the suspension pursuant to R.C. 4511.197. The scope of the appeal is limited to a determination of

2.

whether one or more of the conditions enumerated in R.C. 4511.197(C)(1) - (4) have not been met. These four conditions are: (1) the officer had reasonable grounds to believe the motorist was driving while impaired; (2) the officer requested that the motorist submit to a chemical or other test; (3) the officer accurately informed or notified the motorist of the consequences of refusing to submit to a test; and, (4) the motorist refused to submit to a test or the test results show the motorist was driving impaired. R.C. 4511.197(C). The appealing motorist has the burden of proving, by a preponderance of the evidence, that one or more of the conditions have not been met. R.C. 4511.197(D).

{¶ 7} However, a motorist is relieved of proving that the R.C. 4511.197(C) conditions have not been met when the BMV fails to present prima facie proof that the law enforcement officer, its agent, complied with all of the mandates of R.C. 4511.192. *State v. Ferguson*, 6th Dist. Lucas No. L-16-1118, 2017-Ohio-1394, ¶ 23. We reasoned "'[t]he state cannot set forth a statutory scheme to suspend a person's operating privileges, not follow the scheme, and then claim that since such actions are not one of the four issues allowed in an ALS appeal a * * * court has no authority to terminate the ALS.'" (Citation omitted.) *Id.* at ¶ 22. Two directives of R.C. 4511.192(D) require the officer, within 48 hours of the motorist's arrest, to send to the BMV and the trial court a sworn BMV 2255 form. R.C. 4511.192(D)(1)(d) and (E).

{¶ 8} "'[P]rima facie evidence means evidence which is sufficient to establish the fact, unless rebutted[.]'" (Citations omitted.) *Twenty Two Fifty, Inc. v. Ohio Liquor Control Comm.*, 10th Dist. Franklin No. 06AP-844, 2007-Ohio-946, ¶ 82.

3.

**Arguments**

{¶ 9} Appellant argues the trial court erred by failing to stay the ALS which was imposed at the time of her OVI arrest. Appellant contends the state of Ohio did not demonstrate that it sent the BMV 2255 form to the BMV within 48 hours after arresting her, as required by R.C. 4511.92(D)(1)(d).

{¶ 10} Appellant notes the parties stipulated that the BMV placed a suspension on appellant's driving record on April 24, 2018. Appellant observes she was arrested on April 9, 2018, so the BMV placed the suspension 15 days after her arrest. Appellant further notes the court received an electronic copy of appellant's form on April 10, 2018, while the court copy was file-stamped on April 17, 2018.

{¶ 11} The state counters "Appellant is arguing that the date the BMV receives the 2255 [form] is the issue, which is clearly incorrect." The state further observes "Appellant's sole assignment of error relies on the assumption that the BMV can and would process Appellant's 2255 immediately upon it's [sic] receipt." The state contends the officer testified he could not remember sending out appellant's form, but "his practice is to send them out the next business day."

**Hearing**

{¶ 12} The transcript from the ALS appeal hearing shows Ohio State Highway Patrol Sergeant Matthew Geer testified to the following. He encountered appellant on April 9, 2018, during a traffic stop, and as a result of the stop, appellant was cited for OVI and was placed under an ALS. His standard procedure for filling out the BMV 2255 form and sending it consisted of completing his paperwork the day of the arrest or "at the

4.

very latest * * * the following day and everything gets mailed out from our office that day, or gets at least put in an envelope that day to be mailed out." The sergeant continued, he fills out the 2255 form, of which there are several copies, and gives the motorist "their copy the date or time of the arrest before they leave our office. There is the court's copy, which gets sent out to the court within the next day or two." And then "the top copy, the white one, is the BMV copy. That's the copy that gets notarized, and we attach the [motorist's] driver's license to it if they have one, and we'll send it out to the BMV." Sgt. Geer acknowledged there had been problems with sending out the forms within the 48-hour window, "[a]nd we've tightened that down in the last couple years. * * * I myself am the one who handles our mail at our post. So at the very latest mail gets sent out on Sundays and Wednesday nights." He also mentioned if he sees a stack of forms sitting by the secretary's office, "I myself will grab them and mail them myself."

{¶ 13} Sgt. Geer testified he did not have an independent recollection of mailing appellant's form, nor did he have any record of when the form was sent. He recognized appellant was cited on Monday afternoon, and "[a]t the very latest this [appellant's form] would have went [sic] out Wednesday night." The sergeant conceded that would have been more than 48 hours after the arrest since he comes in to work at 11:00 p.m. on Wednesday.

### Trial Court Decision

{¶ 14} The trial court found no violation of R.C. 4511.192(D)(1)(d) or (E), and denied appellant's ALS appeal.

**Analysis**

{¶ 15} Upon review, we find the record reveals the BMV did not present evidence which was sufficient to demonstrate that Sgt. Geer, within 48 hours of appellant's arrest, sent a sworn BMV 2255 form to the BMV and the trial court. Thus, the BMV failed to present prima facie evidence that it complied with R.C. 4511.192. Therefore, in accordance with the holding in *Ferguson*, we find appellant's ALS appeal should not have been denied, as appellant should have been relieved of the burden of proving that one of the R.C. 4511.197(C) conditions had not been met. Accordingly, appellant's assignment of error is well-taken.

{¶ 16} The judgment of the Bowling Green Municipal Court is reversed. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J.                              _____
                                                                    JUDGE
Thomas J. Osowik, J.

Christine E. Mayle, P.J.                  _____
CONCUR.                                                      JUDGE

                                                    _____
                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.