[Cite as *Cleveland v. Oliver*, 2024-Ohio-1477.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellee, | : | No. 113330 |
| v. | : | |
| RONNIE OLIVER, | : | |
| Defendant-Appellant. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 18, 2024

---

Criminal Appeal from the Cleveland Municipal Court
Case Nos. 2022-TRC-002523 and 2022-CRB-001709

---

### *Appearances:*

Mark D. Griffin, Director of Law for the City of Cleveland, Aqueelah Jordan, Chief Prosecutor, and Nick Kolar, Assistant City Prosecutor, *for appellee.*

Ronnie Oliver, *pro se.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Ronnie Oliver ("Oliver"), pro se, appeals his convictions for driving under the influence following a jury trial. He contends that the trial court erred in failing to dismiss the charges against him after it failed to hold

an initial appearance on the charges within five days of his arrest. For the reasons that follow, we affirm the decision of the trial court.

**Procedural and Factual Background**

{¶ 2} On or about February 23, 2022, Oliver was arrested and cited with driving under the influence of alcohol or drugs in violation of Cleveland Codified Ordinances ("C.C.O.") 433.01(a)(1), driving under the influence: breath 0.08-0.169 in violation of C.C.O. 433.01(a)(4)[1] and failure to give full time and attention in violation of C.C.O. 431.34(c) in Cleveland M.C. No. 2022-TRC-002523.[2] The citation was personally served on Oliver on February 28, 2022. On March 9, 2022, a summons was issued ordering Oliver to appear in court for his arraignment on March 22, 2022. Oliver pled not guilty to the charges.

{¶ 3} On June 28, 2022, Oliver filed a motion to dismiss the case on the ground that the city "violated Mr. Oliver's right to a five-day hearing as prescribed by R.C. 4511.191(D)(2)." Specifically, he argued that, pursuant to R.C. 4511.191(D)(2), Oliver's initial appearance was required to occur with five days after he was cited and that because Oliver's initial appearance did not occur until his arraignment on March 22, 2022, the case should be dismissed.

---

[1] The two counts of driving under the influence are referred to collectively herein as the "OVI charges" or the "OVI offenses."

[2] On or about February 23, 2022, Oliver was also cited for open container prohibited in violation of C.C.O. 617.07 in Cleveland M.C. No. 2022-CRB-001709. Although Oliver's notice of appeal references both case numbers, Oliver was found not guilty on the open container charge. Thus, in this appeal we address only the charges in Cleveland M.C. No. 2022-TRC-002523.

**{¶ 4}** The city conceded that the first hearing in the case occurred on March 22, 2022 — beyond the five-day time frame set forth in R.C. 4511.191(D)(2) — and that Oliver's motion should, therefore, be granted as to any administrative license suspension ("ALS") imposed on Oliver. However, the city opposed the motion to dismiss to the extent Oliver sought dismissal of the OVI charges based on the failure to comply with R.C. 4511.191(D)(2). The city argued that because R.C. 4511.191(D)(2) is "directory in nature," and not mandatory, the trial court retained jurisdiction to hear the OVI charges.

**{¶ 5}** On July 19, 2022, the trial court granted Oliver's motion to dismiss as it related to the ALS, but denied the motion to dismiss as it related to the underlying criminal charges. On October 5, 2023, the case proceeded to a jury trial. The jury found Oliver guilty of the OVI offenses. The failure-to-give-full-time-and-attention charge was dismissed for want of prosecution. On October 25, 2023, Oliver was sentenced to one year of active community-control sanctions, 180 days in jail (with 177 days suspended) and his driver's license was suspended until December 23, 2024.

**{¶ 6}** Oliver appealed, raising the following assignment of error for review:

> The trial court erred by failing to dismiss the charges, by not holding an arraignment in five days. This is a mandatory requirement established by R.C. 4511.196(B)(2). This violates due process.

**Law and Analysis**

**{¶ 7}** Pursuant to R.C. 4511.191 and 4511.192, an ALS can be imposed, before any court involvement, on individuals charged with operating a vehicle while

impaired. "When an arrestee tests positive for driving with a prohibited concentration of alcohol, he or she is immediately subject to an ALS." *State v. Brown*, 2017-Ohio-678, 81 N.E.3d 87, ¶ 16 (3d Dist.), citing R.C. 4511.192(D)(1)(a) and 4511.191(C)(1). In such circumstances, R.C. 4511.191(D)(2) and 4511.196(A) require that a person's initial appearance on the charge be held within five days of his or her arrest or citation for the OVI offense. R.C. 4511.191(D)(2) provides, in relevant part:

> If a person is arrested for operating a vehicle * * * in violation of division (A) or (B) of section 4511.19 of the Revised Code or a municipal OVI ordinance, or for being in physical control of a vehicle * * * in violation of section 4511.194 of the Revised Code or a substantially equivalent municipal ordinance * * * the person's initial appearance on the charge resulting from the arrest shall be held within five days of the person's arrest or the issuance of the citation to the person, subject to any continuance granted by the court pursuant to section 4511.197 of the Revised Code regarding the issues specified in that division.

{¶ 8} R.C. 4511.196(A) similarly provides, in relevant part:

> If a person is arrested for being in physical control of a vehicle, * * * in violation of section 4511.194 of the Revised Code or a substantially equivalent municipal ordinance, or for operating a vehicle * * * in violation of division (A) or (B) of section 4511.19 of the Revised Code or a municipal OVI ordinance * * * the person's initial appearance on the charge resulting from the arrest shall be held within five days of the person's arrest or the issuance of the citation to the person.

*See also* R.C. 4511.912(D)(1)(a) (requiring the arresting officer to notify a person under arrest as described in R.C. 4511.191(A)(5) or 4511.192 that his or her driver's license is suspended immediately, that "the suspension will last at least until the person's initial appearance on the charge, which will be held within five days after the date of the person's arrest or the issuance of a citation to the person" and he or

she may appeal the suspension at the initial appearance or within thirty days after the initial appearance).

{¶ 9} "The purpose for requiring the initial appearance to be held within five days is to provide the person with the opportunity to appeal the ALS." *Columbus v. Rose*, 10th Dist. Franklin No. 06AP-579, 2007-Ohio-499, ¶ 6. An ALS "is a civil matter that is remedial in nature and distinct from the criminal charge in [the] case." *Brown* at ¶ 15, citing *Ohio Bur. of Motor Vehicles v. Williams*, 97 Ohio App.3d 779, 780, 647 N.E.2d 562 (3d Dist.1994), and *State v. Gustafson*, 76 Ohio St.3d 425, 436, 668 N.E.2d 435 (1996); *see also Rose* at ¶ 6 (indicating that R.C. 4511.191 and 4511.196 address "the civil and remedial aspects of the OVI statutory framework, and not the criminal aspects").

{¶ 10} R.C. 4511.196(B)(2), cited by Oliver in his assignment of error, does not, in fact, address the five-day requirement. It states:

> If a person is arrested as described in division (A) of this section and if the person's driver's or commercial driver's license or permit or nonresident operating privilege has not been suspended under section 4511.191 of the Revised Code in relation to that arrest, the judge, magistrate, or mayor, at any time prior to the adjudication on the merits of the charge resulting from the arrest, may impose a suspension of the person's license, permit, or nonresident operating privilege if the judge, magistrate, or mayor determines that the person's continued driving will be a threat to public safety.

{¶ 11} The sum and substance of Oliver's argument on appeal is as follows:

> The trial court erred in not holding an[] arraignment for the offense of OVI, within five days of being accosted [sic] for OVI. This is a violation of due process, for me not to have judicial review of an Administrative [L]icense Suspension (ALS). * * *

For the * * * mentioned reasons, the conviction be [sic] reversed for OVI and stricken from the record. I ask the Cleveland Municipal Tr[ial] Court is [sic] ordered to reinstate my Driver license, pursuant with this decision.

{¶ 12} In support of his assignment of error, Oliver cites three cases: *State v. Ferguson*, 6th Dist. Lucas No. L-16-1118, 2017-Ohio-1394, *State v. Frame*, 5th Dist. Morrow No. CA-881, 1999 Ohio App. LEXIS 2498 (May 24, 1999), and *State v. Henry*, 66 Ohio Misc.2d 57, 642 N.E.2d 1174 (Wadsworth M.C.1994). Each of these cases involved the termination or reversal of an ALS where there was a failure to comply with one or more statutory requirements set forth in R.C. 4511.191 et seq. *See Ferguson* at ¶ 1, 19-25 (vacating ALS based on failure to comply with R.C. 4511.192 where officer failed to send his sworn report to the trial court in a timely manner); *Frame* at 2-3, 7 (affirming trial court's decision to dismiss ALS where arresting officer did not send a copy of his sworn report to the trial court as required by R.C. 4511.191(D)(2)); *Henry* at 58-59 (terminating an unauthorized ALS imposed by arresting officer where officer placed defendant under an ALS pursuant to R.C. 4511.191(D)(1) before receiving results of blood test). None of these cases involved the dismissal of, or reversal of convictions for, the underlying criminal charges associated with the ALS — as Oliver seeks here. Here, the trial court granted Oliver's motion to dismiss as it related to the ALS and terminated his ALS on July 19, 2022.

{¶ 13} The Tenth District considered the same issue presented here in *Columbus v. Rose*, 10th Dist. Franklin No. 06AP-579, 2007-Ohio-499. In that case, as in this case, the defendant was charged with violating a municipal ordinance that

was the equivalent of R.C. 4511.19, prohibiting the operation of a vehicle under the influence of alcohol, and his initial appearance was not held within five days of his arrest as required by R.C. 4511.191(D)(2) and 4511.196(A). *Id.* at ¶ 2, fn.1. The Tenth District held that it was reversible error for the trial court to grant the defendant's motion to dismiss the criminal charges against him because the five-day requirement applied to the ALS, not the criminal charges filed against the defendant, and that the trial court had "improperly conflated" civil and criminal aspects of the statutory framework in dismissing the defendant's OVI charges due to an untimely ALS review. *Id.* at ¶ 2, 7-8. The court explained:

> Ohio's OVI statutory framework includes some provisions that are criminal in nature, and others that are civil in nature. The criminal aspects encompass the charge itself and the criminal penalties to be imposed, which are set forth in R.C. 4511.19. Other aspects, including the ALS imposed at the time a person is charged with OVI, are civil and remedial in nature. *State v. Gustafson*, 76 Ohio St.3d 425, 668 N.E.2d 435 (1996). The Ohio Supreme Court has emphasized this duality in a number of cases involving the interplay between the criminal OVI charge and the ALS. * * *

> The statutory provision regarding the initial appearance is set forth in R.C. 4511.191 and repeated in R.C. 4511.196. Each section provides that, when a person is charged with a violation of R.C. 4511.19 or an equivalent municipal OVI ordinance, "the person's initial appearance on the charge resulting from the arrest shall be held within five days of the person's arrest or the issuance of the citation to the person." R.C. 4511.191(D)(2), and 4511.196(A). Neither section sets forth any remedy for the failure to hold the initial appearance within the five-day timeframe.

> It is clear that R.C. 4511.191 and 4511.196 are related solely to the civil and remedial aspects of the OVI statutory framework, and not the criminal aspects. The purpose for requiring the initial appearance to be held within five days is to provide the person with an opportunity to appeal the ALS. In fact, an ALS appeal is untimely unless made at the

initial appearance, or within thirty days of the initial appearance. R.C. 4511.197(A).

Here, the trial court essentially treated the five-day requirement for holding the initial appearance as a speedy trial right requiring dismissal of the criminal charges, a result supported by neither the speedy trial statutes (R.C. 2945.71 through 2945.73) nor R.C. 4511.191 and 4511.196. In reaching this result, the trial court improperly conflated the civil and remedial nature of the ALS appeal called for by the OVI statutory framework with the criminal aspects of that framework.

Consequently, we reverse the trial court's decision dismissing the criminal OVI charges against appellee[.]

*Id.* at ¶ 4-8.

{¶ 14} The Clermont County Municipal Court reached a similar conclusion in *State v. Gibson*, 2007-Ohio-6069, 877 N.E.2d 1053 (Clermont M.C.). In that case, the defendant was issued a citation for operating a vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a). *Id.* at ¶ 2. She filed a motion to dismiss, arguing that the trial court lacked jurisdiction over her on the OVI charge because she was not provided an initial court appearance within five days of receiving the summons charging her with OVI, in accordance with R.C. 4511.191(D)(2) and 4511.196(A). *Id.* at ¶ 3-5. The court denied the motion to dismiss the OVI charge, reasoning that the "five-day limitation" in R.C. 4511.191(D)(2) and 4511.196(A) is directory, rather than mandatory, that it "simply fixes a time frame for a defendant's initial appearance" and that it "does not deprive a court of jurisdiction" over the OVI offense. *Id.* at ¶ 15. The court held, however, that failure to provide a timely hearing deprived the defendant of due process as related to the ALS and, therefore,

terminated the ALS based on the failure to hold an initial appearance within five days of the issuance of the citation. *Id.* at ¶ 17; *see also Toledo v. Levi*, 6th Dist. Lucas No. L-12-1003, 2013-Ohio-52, ¶ 8 (observing that "Ohio courts have invariably considered errors in the initial imposition or review of an ALS as potential due process violations affecting only the continuation of the ALS, and not the underlying criminal charge").

{¶ 15} We agree with the reasoning and analysis of these cases. Accordingly, we find that the trial court did not err in failing to dismiss the OVI charges against Oliver based on the failure to comply with the five-day time frame for initial appearances under R.C. 4511.191(D)(2) and 4511.196(A). Oliver's assignment of error is overruled.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
MARY EILEEN KILBANE, J., CONCUR