[Cite as *State v. Wilhite*, 2026-Ohio-859.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | |
|---|---|
| STATE OF OHIO | : |
| | : C.A. No. 30590 |
| Appellee | : |
| | : Trial Court Case No. 2024 CR 03387 |
| v. | : |
| | : (Criminal Appeal from Common Pleas |
| KIRK A. WILHITE | : Court) |
| | : |
| Appellant | : **FINAL JUDGMENT ENTRY &** |
| | : **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on March 13, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

HUFFMAN, J., and HANSEMAN, J., concur.

KIRK A. WILHITE, Appellant, Pro Se
JONATHAN MURRAY, Attorney for Appellee

TUCKER, J.

{¶ 1} Kirk A. Wilhite appeals pro se from the trial court's overruling of his motion to terminate an administrative driver's license suspension imposed following a traffic stop. The trial court overruled the motion based on untimeliness.

{¶ 2} Wilhite alleges that his trial counsel provided ineffective assistance by failing to file a timely challenge to the suspension. Alternatively, he asserts that the trial court erred in overruling his motion based on untimeliness because his attorney timely challenged the suspension orally. Finally, he claims the trial court's failure to hold a hearing on the suspension within five days of his arrest deprived him of due process.

{¶ 3} We conclude that an administrative suspension of Wilhite driver's license was beyond the scope of the present case, which involved only his indictment and conviction for felony aggravated drug possession. The record contains no evidence of the suspension, and the parties agreed below that Wilhite was never charged with an OVI-related offense after being stopped for speeding and ultimately indicted on a drug offense. Assuming that his driver's license was suspended for failure to consent to a chemical test in connection with a traffic stop, the present case was not the proper forum for him to challenge the suspension.

{¶ 4} Even if Wilhite could have challenged the administrative license suspension in this case, his attorney's failure to file a timely appeal of the suspension below did not constitute ineffective assistance. The record also does not reflect an oral appeal of the

suspension at Wilhite's initial appearance on the drug charge. Nor did the trial court's failure to hold a hearing on the suspension within five days of his arrest deprive him of due process. Accordingly, the trial court's judgment is affirmed.

## I. Background

{¶ 5} On December 30, 2024, a grand jury indicted Wilhite on one count of aggravated drug possession, a fifth-degree felony. He appeared in court with counsel on January 27, 2025. Defense counsel told the trial court that Wilhite had received an administrative driver's license suspension for refusing a chemical test during the traffic stop that resulted in discovery of the drugs at issue. Counsel stated that no OVI-related charges had been filed against Wilhite. Counsel's primary concern was whether the suspension was part of her responsibility while representing Wilhite on the drug charge. The trial court stated that it believed the suspension fell within the scope of defense counsel's responsibility in the case. Defense counsel then referenced general concerns about the suspension, including the lack of a timely hearing and the absence of certain forms. Counsel opined that "there may be some issues to be raised regarding that ALS," adding that she would "probably just have to file something then."

{¶ 6} As relevant here, the trial court met with the parties again on June 9, 2025. Defense counsel said that she had recently tried to file a motion to vacate the administrative driver's license suspension. She claimed the clerk had rejected the filing because a civil appeal of an administrative license suspension needed to be filed separately in a civil case. Defense counsel reiterated that Wilhite had not been charged anywhere with an OVI-related offense and that the only filed charge arising from the traffic stop was the felony drug charge. The prosecutor responded that the trial court lacked jurisdiction over any issues related to an administrative license suspension, as it was beyond the scope of the felony drug case.

3

The discussion then shifted to Wilhite's entry of a plea. Following a Crim.R. 11 colloquy, he pleaded guilty as charged. The trial court proceeded with sentencing and imposed community control sanctions.

{¶ 7} That same day, defense counsel succeeded in filing a motion to terminate Wilhite's administrative license suspension. The motion alleged various defects in the imposition of the suspension. On June 11, 2025, the trial court journalized Wilhite's drug conviction. On August 4, 2025, it filed a decision and entry overruling his motion to terminate the license suspension. The trial court found that R.C. 4511.197 gave Wilhite 30 days from his January 27, 2025 initial appearance to appeal the administrative license suspension. The trial court then stated: "Defendant did not file a written appeal of the administrative license suspension until June 9, 2025. Defendant did not, at any time, in open court appearances, indicate an appeal of the administrative license suspension." As a result, the trial court overruled the motion as untimely.

{¶ 8} Wilhite appealed from the overruling of his motion to terminate the license suspension and sought appointment of counsel. We declined to appoint counsel, noting that the license suspension was civil in nature and that civil litigants are not entitled to appointed counsel.

## II. Analysis

{¶ 9} Each of Wilhite's three assignments of error presumes that his aggravated drug possession case was the proper forum to challenge the administrative license suspension. For its part, the State asserts that the suspension was not part of the felony drug case and that the trial court lacked jurisdiction to address it. Having examined the statutory framework governing administrative license suspensions, we agree with the State under the unusual circumstances before us.

4

{¶ 10} Under R.C. 4511.191, a driver of a motor vehicle is "deemed to have given consent" to a test of the driver's blood, breath, or other fluids if arrested for an OVI-related driving offense. If a driver refuses such a test, the arresting officer is required to seize the driver's license and inform the driver that the license is suspended immediately. R.C. 4511.192(D)(1). The arresting officer also must advise the driver "that the suspension will last at least until the person's initial appearance on the charge, which will be held within five days after the date of the person's arrest or the issuance of a citation to the person, and that the person may appeal the suspension at the initial appearance or during the period of time ending thirty days after that initial appearance." *Id*.

{¶ 11} Upon seizing a driver's license for failure to submit to a test, the arresting officer also promptly must send a sworn report to the registrar of motor vehicles. The report must include certain information, including a statement that the driver "was arrested and charged with a violation" of an OVI-related driving offense. *Id*. Upon receiving the sworn report, the registrar of motor vehicles is required to note the suspension in the registrar's records. R.C. 4511.191(B)(1).

{¶ 12} An appeal of the suspension is authorized by R.C. 4511.197, which provides that a driver "may appeal the suspension at the person's initial appearance on the charge resulting from the arrest or within the period ending thirty days after the person's initial appearance on that charge, in the court in which the person will appear on that charge." If the suspension is upheld on appeal, or if no appeal is taken, R.C. 4511.197(D) provides that "the suspension shall continue until the complaint alleging the violation for which the person was arrested and in relation to which the suspension was imposed is adjudicated on the merits or terminated pursuant to law."

{¶ 13} When read in pari materia, the foregoing provisions require an administrative license suspension to be accompanied by *an arrest* and *a charge* for an OVI-related offense. Although R.C. 4511.192 declares the suspension effective immediately upon arrest, the statute also presumes and requires an underlying OVI-related charge. As noted above, R.C. 4511.192(D)(1) obligates an arresting officer to inform the driver that the suspension will last at least until the "initial appearance on the charge," which must occur within five days of the person's arrest or the issuance of a citation. This five-day initial appearance requirement is found in R.C. 4511.196(A), which applies to drivers arrested for an OVI-related offense. It provides that "the person's initial appearance on the charge resulting from the arrest shall be held within five days of the person's arrest or the issuance of the citation to the person." Only OVI-related offenses require an initial appearance within five days. Felony drug-possession offenses do not.

{¶ 14} Additionally, R.C. 4511.196(A) presumes issuance of "the citation to the person," suggesting that the anticipated "charge resulting from the arrest" would be an OVI-related offense. We note too that under R.C. 4511.192(D)(1) an arresting officer's sworn statement to the registrar of motor vehicles must include a declaration that the driver "was arrested and charged with a violation" of an OVI-related driving offense. This requirement explicitly makes an OVI-related charge part of the administrative license suspension process. Further support for this conclusion is found in R.C. 4511.197(D), which provides that "the suspension shall continue until *the complaint alleging the violation* for which the person was arrested and *in relation to which the suspension was imposed* is adjudicated on the merits or terminated pursuant to law." (Emphasis added.) In Wilhite's felony drug case, there was no complaint alleging the violation in relation to which his administrative license suspension was imposed. The suspension purportedly was imposed based on suspicion of

6

OVI during a traffic stop and his refusal to undergo a chemical test. The parties agree, however, that Wilhite never was charged with any OVI-related offense, which would be the violation in relation to which the suspension was imposed.[1] The only charge against him was one felony count of aggravated drug possession, which manifestly was not the violation in relation to which his driver's license was suspended. We recognize that an administrative license suspension predicated on a refusal to test does not require a driver ultimately to be convicted of an OVI-related offense. R.C. 4511.191(D)(1). However, the foregoing provisions dictate that an administrative license suspension does require a driver to be arrested and charged with an underlying OVI-related offense.

{¶ 15} Although we question the validity of Wilhite's administrative license suspension, we also conclude that the suspension was not part of his felony drug case. The statutes referenced above provide for a driver to appeal the suspension in the context of a corresponding OVI prosecution. The fact that Wilhite's suspension may have been unauthorized because he never was charged with an OVI-related offense does not constitute grounds for challenging the suspension in his drug-possession case. For this reason, the trial court did not err in overruling his motion to terminate the administrative license suspension.

{¶ 16} In the interest of completeness and assuming, arguendo, that Wilhite was able to challenge the license suspension in his drug case, we briefly address his three assignments of error.

---

[1] In fact, the State asserts on appeal that Wilhite "was never arrested for OVI or physical control." Appellee's Brief, p. 5. The absence of an OVI-related arrest unquestionably would preclude an administrative license suspension under the statutes cited above. In the proceedings below, however, the State maintained that Wilhite had been arrested for an OVI-related offense but never charged with one. *See* July 31, 2025 Transcript, p. 50.

7

**{¶ 17}** The first assignment of error states:

**APPELLANT WAS NOT REPRESENTED BY EFFECTIVE ASSISTANCE OF COUNSEL AND WAS PREJUDICED BY SUCH.**

**{¶ 18}** Wilhite alleges ineffective assistance of counsel based on his trial attorney's failure to appeal his administrative license suspension within 30 days of his initial appearance.

**{¶ 19}** As noted above, administrative license suspension appeals are authorized by R.C. 4511.197, which provides that a driver "may appeal the suspension at the person's initial appearance on the charge resulting from the arrest or within the period ending thirty days after the person's initial appearance on that charge, in the court in which the person will appear on that charge." Wilhite initially appeared in court with counsel on January 27, 2025. In overruling his motion to terminate the suspension, the trial court found that he did not appeal within 30 days of that appearance. Wilhite contends his attorney provided ineffective assistance by failing to perfect a timely appeal.

**{¶ 20}** Upon review, we find Wilhite's argument to be unpersuasive. Administrative license suspension proceedings are civil and remedial. In that sense, they are distinct from criminal OVI prosecutions. *Cleveland v. Oliver*, 2024-Ohio-1477, ¶ 9 (8th Dist.). "It is generally agreed that an ALS appeal, while perhaps best treated as ancillary to a criminal prosecution for purposes of judicial economy, is nonetheless a separate civil/administrative remedial matter unrelated to the criminal case in which the defendant is charged." *State v. Wisby*, 2003-Ohio-5834, ¶ 15 (1st Dist.) We relied on the civil nature of Wilhite's administrative license suspension when we rejected his request for appointed counsel to assist him on appeal.

**{¶ 21}** Where there is no right to counsel in a civil proceeding, it follows that there cannot be a right to effective assistance of counsel. As one federal court has recognized, "[t]he right to counsel applies only to criminal or quasi-criminal proceedings and does not extend to administrative license revocation proceedings." *Plumer v. State of Md.*, 915 F.2d 927, 931-32 (4th Cir. 1990), citing *Ferguson v. Gathwright*, 485 F.2d 504, 506-07 (4th Cir. 1973) (finding no right to appointed counsel in a civil adjudication involving a loss of driving privileges); *see also State v. Furlong*, 2001 WL 95870, *6 (10th Dist. Feb. 6, 2001) (finding no constitutional right to effective assistance of counsel at a civil, remedial sex-offender classification hearing). In short, the civil nature of an administrative license suspension means the right to effective assistance of counsel is inapplicable. Wilhite's first assignment of error is overruled.

**{¶ 22}** The second assignment of error states:

**COUNSEL EFFECTIVELY APPEALED THE ALS SUSPENSION AT THE FIRST HEARING.**

**{¶ 23}** Wilhite next suggests that his attorney timely appealed the administrative license suspension orally during his initial appearance.

**{¶ 24}** We note that R.C. 4511.197 "does not specifically set forth the procedure required to perfect an appeal" of an administrative license suspension. *Jackson v. Rankin*, 2009-Ohio-1639, ¶ 26 (2d Dist.). The statute provides only that a motorist "may appeal the suspension at the person's initial appearance on the charge resulting from the arrest or within the period ending thirty days after the person's initial appearance on that charge."

**{¶ 25}** Assuming, arguendo, that R.C. 4511.197 permits oral appeals, the transcript of Wilhite's January 27, 2025 initial appearance does not reflect a clear invocation of his right to appeal. Defense counsel's primary concern during the brief proceeding was whether

9

the administrative license suspension fell within the scope of her responsibility as Wilhite's attorney. The trial court stated, "I think it would." Defense counsel then opined that "there may be some issues to be raised regarding that ALS," adding that she would "probably just have to file something." Although Wilhite perhaps was contemplating an appeal, he did not unequivocally appeal the suspension at the initial appearance. Accordingly, the second assignment of error is overruled.

{¶ 26} The third assignment of error states:

**APPELLANT WAS DEPRIVED OF A HEARING WITHIN (5) DAYS OF IMPOSITION OF ALS WHICH VIOLATE[D] DUE PROCESS.**

{¶ 27} Wilhite contends R.C. 4511.192 entitled him to a hearing on his administrative license suspension within five days of his arrest. He asserts that his failure to receive a timely hearing deprived him of due process and invalidated the suspension.

{¶ 28} Upon review, we find the Wilhite's argument to be unpersuasive. He apparently was arrested in October 2024 following a traffic stop, and his license was suspended at that time. In his motion to dismiss the administrative license suspension, Wilhite stated that he had been transferred to the Warren County jail on an outstanding warrant almost immediately after his arrest. On December 30, 2024, a grand jury indicted him on one count of aggravated drug possession in this case. As noted above, he subsequently appeared in court with counsel on January 27, 2025.

{¶ 29} Wilhite's argument about being entitled to an administrative license suspension hearing within five days of his arrest involves R.C. 4511.196(A), which provides:

If a person is arrested for being in physical control of a vehicle, streetcar, or trackless trolley in violation of section 4511.194 of the Revised Code or a substantially equivalent municipal ordinance, or for operating a vehicle,

10

streetcar, or trackless trolley in violation of division (A) or (B) of section 4511.19 of the Revised Code or a municipal OVI ordinance, regardless of whether the person's driver's or commercial driver's license or permit or nonresident operating privilege is or is not suspended under section 4511.191 of the Revised Code, the person's initial appearance on the charge resulting from the arrest shall be held within five days of the person's arrest or the issuance of the citation to the person.

{¶ 30} The foregoing statute is in the OVI chapter of the Revised Code, and it requires an initial appearance on a charge to be held within five days of defendant's arrest or "the issuance of the citation." As R.C. 4511.196(A) makes clear, this requirement exists even if no administrative license suspension is imposed. "The five-day requirement of R.C. 4511.196(A) is directed to the initial appearance on the underlying OVI charges. It does not mandate a hearing on the ALS within five days." *State v. Leitwein*, 2020-Ohio-3698, ¶ 17 (5th Dist.). "As it relates to the ALS, the initial appearance begins the thirty-day time period within which the ALS appeal must be filed. Therefore, an accused will always have the initial appearance and thirty days after the initial appearance to file an ALS appeal regardless of when the initial appearance takes place." *Id*. at ¶ 18.

{¶ 31} Contrary to Wilhite's argument, the five-day requirement in R.C. 4511.196(A) provides no support for vacating his license suspension. It merely requires an initial appearance within five days of a defendant's arrest or the issuance of a citation for an OVI-related offense. The statute does not entitle a defendant who is arrested and indicted on a felony drug charge to an initial appearance within five days. Moreover, as the Fifth District recognized, even in OVI cases the five-day requirement does not obligate a trial court to

11

hold an administrative license suspension hearing within five days of a defendant's arrest or the issuance of a citation. Accordingly, the third assignment of error is overruled.

### III. Conclusion

{¶ 32} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

HUFFMAN, J., and HANSEMAN, J., concur.